Larry James STRIBLING, Appellant,

v.

The STATE of Texas, Appellee.

No. 52527.

Court of Criminal Appeals of Texas.

Oct. 27, 1976.

Barry P. Helft, Dallas, for appellant.

Henry Wade, Dist. Atty., John Tatum, Dale G. Markland and Robert C. Hinton, Jr., Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

CORNELIUS, Commissioner.

Appellant was convicted of the offense of credit card abuse. V.T.C.A. Penal Code, Sec. 32.31(b)(1)(A). Punishment was set at five years' confinement. The sufficiency of the evidence is not challenged.

Appellant executed a waiver of indictment and requested that he be tried upon information. The information alleged that appellant did:

" . . . then and there, knowingly and intentionally present and use a credit card, to wit a Bank Americard # 4655, 160 118 169, with intent to obtain property, fraudulently and with knowledge that the card has not been issued to him and is not used with the effective consent of the cardholder, Kirk M. McClean . . . "

The first ground of error contends that the information was fatally defective in that it did not charge the offense with such certainty as (1) to give appellant notice of what he would be called upon to defend against, and (2) to enable him to plead the judgment thereupon in bar of a prosecution for the same offense. The basis of these contentions is that the information failed to allege what property appellant obtained by use of the card and from whom such property was obtained.

■ Appellant did not move to quash the information, did not object thereto, and made no complaint as to its sufficiency until this appeal. This court has previously held that complaints such as appellant makes here are exceptions as to form and not as to substance, and cannot be raised for the first time on appeal. *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Cr. App.1974) and cases there cited. Judge Odom, speaking for the court, said in that case:

"We think the observations made there . . . apply with equal logic to an exception for *failure to give notice of precisely what the. defendant is charged with* and *failure to allege sufficient facts to bar a subsequent conviction.* Prior to trial any such requirements are for the defendant's convenience and may be raised, but if he goes to trial without raising any such objection, he may not urge them for the first time thereafter, since it must be presumed he has found the charge sufficient to his own satisfaction. He may not wait to see whether the jury will acquit him, and then, upon an adverse verdict, claim for the first time that he had no notice or that the charge will not bar a subsequent conviction. Only if the defect be of such a degree as to charge no offense against the law, and thereby be void, will the exception to the substance be considered for the first time on appeal . . ." (Emphasis supplied)

The offense described in Section 32.-31(b)(1)(A) is the *use* of a credit card with intent to obtain property fraudulently with knowledge that the card has not been issued to the user and without the effective consent of the cardholder. The information here effectively charged that offense, and cannot be considered void. The description of the property obtained by use of the card and the identity of the person from whom it was obtained affect the certainty of the allegations and notice, and complaints regarding their sufficiency must be raised in the trial court. Arts. 21.21(7) and 27.09(2), V.A.C.C.P.; *Johnson v. State,* 541 S.W.2d 619 (Tex.Cr.App.1976).

■ Appellant also complains because the information did not specify in which district court of Dallas County it was presented, but only that it was presented to the "___ District Court ___ of Dallas County." Such a complaint is also one as to form which should have been raised in the trial court. Art. 27.09(1), V.A.C.C.P.

■ In his last ground of error, appellant contends that the trial court erred in admitting, as a state's exhibit at the punishment stage of the trial, the penitentiary packet pertaining to a prior conviction of appellant, when the only proof that appellant was the same person as named in the former conviction was by stipulation of counsel. Appellant argues that, under the authority of *Ex parte Auten,* 458 S.W.2d 466 (Tex.Cr.App.1970), the stipulation was ineffective to bind him. *Ex parte Auten* is not in point. It held that a stipulation of counsel, not joined in by the defendant personally, could not turn a conviction which was *void* for constitutional reasons into a *valid* conviction for enhancement purposes. Here there was a valid prior conviction. The stipulation was only to the identity of appellant as being the same person as the one named in the former conviction. Appellant made no objection to the stipulation and clearly acquiesced in it. The stipulation was effective for the purpose of showing identity. See *Genzel v. State,* 415 S.W.2d 919 (Tex.Cr.App.1967).

The judgment of the trial court is affirmed.

Opinion approved by the Court.