Nathan WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 52775.

Court of Criminal Appeals of Texas.

Dec. 22, 1976.

J. R. Musslewhite, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Phyllis M. Bell, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of attempted burglary. His punishment, enhanced under V.T.C.A., Penal Code Sec. 12.42(d), was assessed at life imprisonment.

The first two grounds of error challenge the validity of the indictment. We initially observe that no motion to quash was made.

The indictment alleges in part that:

"Nathan Williams hereinafter referred to as the Defendant, heretofore on or about March 2, 1975, did then and there unlawfully commit an offense hereinafter styled the primary offense in that he did attempt to enter a building owned by Ray Bailey, by prying a door latch with a steel meathook, having intent to commit burglary."

Appellant's first attack on the indictment claims it is fundamentally defective because it does not allege that the attempted entry was made without the effective consent of the owner. His second attack claims the allegation of specific intent to commit burglary is insufficient. Underlying both of these grounds of error is the contention that the constituent elements of the offense attempted must be set out in an indictment charging the attempt. The grounds must be sustained or overruled according to the validity of this underlying contention.

In *Gonzales v. State,* Tex.Cr.App., 517 S.W.2d 785, at 787–788, the following observations were made:

"It has consistently been held by this Court that in assault cases the indictment or information need not allege the elements of the offense intended to be committed by the assault. Indictments alleging an assault with intent to rape, or to murder, or to rob the named complainant are not required to allege the elements of rape, murder or robbery. *Small v. State,* Tex.Cr.App., 466 S.W.2d 281; *Williams v. State,* Tex.Cr.App., 491 S.W.2d 142; *Ex parte Ward,* Tex.Cr.App., 470 S.W.2d 684; *Welcome v. State,* Tex.Cr.App., 438 S.W.2d 99; *Bustillos v. State,* Tex.Cr. App., 464 S.W.2d 118; *Johnson v. State,* Tex.Cr.App., 384 S.W.2d 885; *Thom v. State,* 167 Tex.Cr.R. 258, 319 S.W.2d 313; *Clark v. State,* 162 Tex.Cr.R. 493, 286 S.W.2d 939; *Jones v. State,* 89 Tex.Cr.R. 355, 231 S.W. 122; *Crumes v. State,* 28 Tex.App. 516, 13 S.W. 868. See, also, Article 1165, Vernon's Ann.P.C., and annotations thereunder.

"In *Earl v. State,* Tex.Cr.App., 514 S.W.2d 273, the contention was made by the defendant that the indictment should have alleged the constituent elements of the theft in the course of which the aggravated robbery was committed. The Court, in construing V.T.C.A., Penal Code Sections 29.02 (defining robbery), 29.01, and 29.03, said:

" 'It is appellant's contention that the indictment should have alleged the constituent elements of the theft in the course of which the robbery was committed. In considering the argument we observe that Section 29.01, V.T.C.A. Penal Code, provides in part:

" ' " 'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." '

" 'Thus, the actual commission of the offense of theft is not prerequisite to commission of a robbery, nor need the victim of the theft or attempted theft and the victim of the robbery be the same. Of course it must be alleged and proven that the alleged offense was com-

mitted "in the course of committing a theft" and "with intent to obtain or maintain control of the property" involved in the theft. Although the proof will involve proving up a theft or attempted theft, the elements of the particular theft (see Chapter 31, and specifically Secs. 31.02 and 31.03, V.T.C.A. Penal Code) or attempted theft (see Sec. 15.01, V.T.C.A. Penal Code), need not be alleged in the indictment.'

"The actual commission of the offense of theft is not a prerequisite to the commission of burglary. The unlawful entry with *the intent* to commit theft (or a felony) is the required element which must be alleged and proved. Under the definitions of burglary and theft contained in the V.T.C.A., Penal Code effective January 1, 1974, supra, although the proof will involve the necessity of establishing the *intent* to commit the offense of theft (Sections 31.02 and 31.03, V.T.C.A., Penal Code), the constituent elements of the particular theft or intended theft need not be alleged in an indictment or information for burglary with intent to commit theft. See *Earl v. State,* supra."

Following the same theory today, we hold that an indictment for criminal attempt is not fundamentally defective for failure to allege the constituent elements of the offense attempted.

The first and second grounds of error are overruled.

■ The final ground of error challenges the sufficiency of the evidence. The evidence presented by the State included the testimony of Vernon Gallier, the arresting officer, Ray Bailey and G. W. Finley.

Officer Gallier testified that he received a radio message that a burglar alarm had been triggered at the Ryder Truck Rental Company. Within a few minutes, the officer arrived at this location and saw the appellant and another person run from the corner of a small plywood building. The officer apprehended the appellant but the other person escaped. The door to the small building had been damaged. A steel hook, found approximately one foot from the door, was covered with yellow paint chips matching the paint on the door. Gallier also stated that a fence surrounded the area where the appellant was apprehended. The gate to this area was locked, but two gaps had been made in the fence.

Bailey testified that he was an employee of the Ryder Truck Rental Company and that he had not given appellant permission to enter the premises. Finley stated that his company, Alarm Engineers, had installed the security system for the truck rental enterprise. Finley monitored the alarm system on the day of the offense and he stated that when the alarm sounded, he heard banging through a speaker connected to the security device.

The court charged the jury on circumstantial evidence.

We conclude that the evidence is sufficient to support the conviction. The third ground of error is overruled.

The judgment is affirmed.