Pete Charo ARCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 54567.

Court of Criminal Appeals of Texas.

June 14, 1977.

John P. Mustachio, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Ted Poe, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of heroin. Punishment, enhanced under the provisions of V.T.C.A., Penal Code, § 12.42(d), was assessed at life imprisonment.

On February 15, 1975, the appellant entered a guilty plea to the primary offense but pled "untrue" to the two prior felony convictions alleged for enhancement of punishment.

Appellant urges three grounds of error. He claims the indictment is fatally defective for failure to allege the designation of the court in which the prior convictions occurred; that the evidence was insufficient to prove the prior convictions as alleged; that the trial court did not properly admonish him at the time of his guilty plea as required by Article 26.13, Vernon's Ann. C.C.P.

The appellant did not file a motion to quash the indictment or the enhancement paragraphs on the contention now advanced

on appeal that the enhancement paragraphs did not contain the name or designation of the courts where the prior convictions occurred.[1]

The indictment, after it alleges the primary offense, reads in part:

"ENHANCEMENT PARAGRAPHS

"Before the commission of the primary offense, on January 14, 1975, in Cause No. 79149, in Harris County, Texas, the Defendant was convicted of the felony of Unlawful possession of a narcotic drug, to-wit, Heroin.

"Before the commission of the primary offense, and after the conviction in Cause No. 79149 was final, the Defendant committed the felony of Unlawful sale of a narcotic drug, to-wit, Heroin and was convicted on December 9, 1963, in Cause No. 107799, in Harris County . . .."

The State urges that since the prior convictions are alleged to have been felonies the cause numbers obviously refer to convictions in the district courts of Harris County and name and designation of the convicting court are easily obtainable.

■ The appellant here made no motion to quash on the ground now urged, and this court has previously held that complaints such as the appellant now makes are exceptions as to form and not as to substance, and cannot be raised for the first time on appeal. *Stribling v. State,* 542 S.W.2d 418 (Tex.Cr.App.1976); *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex. Cr.App.1974), and cases there cited.

The enhancement paragraphs are not fatally defective for the reason urged by the appellant.

■ Next, he claims the proof is insufficient to support such allegations as to prior convictions. A fingerprint expert testified that prints he had taken from the appellant were identical with prints in the pen packets in connection with Cause Nos. 79,149 and 107,799. The indictment in Cause No. 107,799 was introduced. The appellant took the stand and admitted he had been convicted in each of said causes and he had been convicted in Cause No. 107,799 after he got out of the penitentiary as a result of the conviction in Cause No. 79,149. We conclude the evidence is sufficient to sustain the enhancement paragraphs of the indictment.

■ There is likewise no merit to the contention that he was not properly admonished. The court carefully inquired and determined appellant was pleading guilty because he was guilty and for no other reason, that no one had threatened him or promised him anything to induce his guilty plea, that he was not under any delusive hope of a pardon, that his plea was being entered freely and voluntarily. The court also made inquiries as to appellant's competency to stand trial. The admonishment was clearly in accord with the version of Article 26.13, supra, in effect at the time of the guilty plea.

The judgment is affirmed.

1. There was, however, a hearing on a motion to quash the enhancement paragraphs on the ground that there were not sufficient allega-tions to show that the second prior conviction came after the first prior conviction in point of time. This motion was denied.