Willie **PRODON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 52783.

Court of Criminal Appeals of Texas.

Sept. 14, 1977.

**452**

Eugene B. Wilshire, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Terry G. Wilson, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for attempted burglary. The jury assessed punishment, enhanced by two prior convictions, at life imprisonment in the Texas Department of Corrections.[1]

The appellant contends that the indictment was defective, that the enhancement paragraphs failed to give him proper notice, and that he could not be sentenced under a verdict that failed to state whether the jury found one of the two prior convictions to be final. We affirm.

The testimony reflects that on March 16, 1974, Mrs. Mary Stokes was awakened by a sound coming from a grocery store adjacent to her home. Upon seeing a man dressed in white banging on the roof of the grocery store, she called the Houston police. Three Houston police officers testified that they responded to the call and apprehended the appellant on the roof of the grocery store. They further testified that a ventilator had been removed from the roof and that it appeared that someone had attempted to make a hole in the roof. Mrs. Elizabeth Leal, the complainant, testified that she was the owner of the grocery store and that she had not given permission to anyone to enter the store.

Appellant's first two contentions focus on the sufficiency of the indictment. Omitting the formal portions, the indictment states that the appellant unlawfully:

". . . commit an offense hereafter styled the primary offense in that he did attempt to enter a building owned by Elizabeth Leal by removing a ventilator and cutting a hole in the roof, having intent to commit burglary."

Specifically, appellant's first two contentions are that the indictment was fundamentally defective as it failed to allege whether the burglary intended was with the intent to commit theft or with the intent to commit a felony, and that the indictment failed to allege the particular intent required by the attempt statute.

In *Williams v. State*, 544 S.W.2d 428 (Tex.Cr.App.1976), the defendant was charged with attempted burglary. That indictment stated in part that the defendant unlawfully:

---

1. See V.T.C.A., Penal Code, Sec. 12.42(d).

". . . commit an offense hereinafter styled the primary offense in that he did attempt to enter a building owned by Ray Bailey, by prying a door latch with a steel meathook, having intent to commit burglary." *Id.*, 544 S.W.2d at 429.

The defendant attacked the indictment on the grounds that the entry was made without the effective consent of the owner and that the allegation of specific intent to commit burglary was insufficient. We there stated that "[U]nderlying both of these grounds of error is the contention that the constituent elements of the offense [stated] must be set out in an indictment charging the attempt." In overruling the contentions advanced in *Williams*, we held

". . . that an indictment for criminal attempt is not fundamentally defective for failure to allege the constituent elements of the offense attempted." *Id.*, 544 S.W.2d at 430.

Here, the only distinction between the appellant's contentions and the contentions advanced in *Williams* is that the appellant complains not of the absence of an allegation regarding effective consent, but of the absence of an allegation regarding the objective of the burglary. It is clear that the intent to commit theft or the intent to commit a felony, as used in the burglary statute, V.T.C.A., Penal Code, Section 30.02, is an element of the offense. Our holding in *Williams*, supra, is therefore controlling in the present case. Appellant's first and second contentions are overruled.

■ Appellant's third and fourth contentions are that the enhancement paragraphs of the indictment are fatally defective because they failed to allege the court in which the conviction was obtained and that they failed to allege the commission and conviction of the offense in the proper order. The indictment, after it alleges the primary offense, reads in part:

"ENHANCEMENT PARAGRAPHS

"Before the commission of the primary offense, on October 8, 1954, in Cause No. 72848, in Harris County, Texas, the Defendant was convicted of the felony of Burglary.

"Before the commission of the primary offense, and after the conviction in Cause No. 72848 was final, the Defendant committed the felony of Burglary and was convicted on April 6, 1961, in Cause No. 94949, in Harris County, Texas."

In *Arce v. State*, 552 S.W.2d 163 (Tex.Cr. App.1977), we dealt with almost identical enhancement paragraphs. We there held that the enhancement paragraphs were not fatally defective and stated:

"The appellant here made no motion to quash on the ground now urged, and this court has previously held that complaints such as the appellant now makes are exceptions as to form and not to substance, and cannot be raised for the first time on appeal. *Stribling v. State*, 542 S.W.2d 418 (Tex.Cr.App.1976); *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974), and cases there cited." *Id.*, 552 S.W.2d at 164.

In the present case no motion to quash the enhancement paragraphs was filed. Our holding in *Arce*, supra, is equally applicable to the present case. The appellant's third and fourth contentions are overruled.

■ Appellant's final contention is that the trial judge committed error in receiving and accepting a jury verdict which failed to affirmatively state that the jury found that the defendant had been *finally* convicted of the two prior felony convictions alleged in the enhancement paragraphs. The verdict referred to appellant's prior convictions merely as convictions rather than as "final convictions."

In *Scott v. State*, 553 S.W.2d 361, 363 (Tex.Cr.App.1977), we reaffirmed the rule "that the averment in an indictment that a defendant has been convicted is sufficient to charge the finality of the alleged conviction," and expressly overruled all prior decisions holding to the contrary. We can see no reason to require more specificity in a verdict than in an indictment. The appellant's contention is overruled.

The judgment is affirmed.