**John Davis TEAMER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55839.**

Court of Criminal Appeals of Texas.

Oct. 26, 1977.

J. R. Musslewhite, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and R. P. Cornelius, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction in a bench trial for forgery by passing a check [V.T.C.A., Penal Code, § 32.21(d)] with punishment being assessed at twenty (20) years, it being enhanced by virtue of a prior felony theft from person conviction alleged and proved.[1]

■ Appellant initially contends the indictment is fundamentally void since it fails to allege in the primary count that he intended to defraud and harm another and fails to allege the particular person he intended to harm or defraud. The indictment against which no motion to quash was directed does allege that the appellant committed the alleged forgery "with intent to defraud and harm." The indictment does fail to allege the particular person appellant intended to defraud or harm, but such allegation is unnecessary. Article 21.05, Vernon's Ann.C.C.P.; *Jiminez v. State*, 552 S.W.2d 469 (Tex.Cr.App.1977).

Appellant waived trial by jury and entered a guilty plea before the court, but claims on appeal the trial court erred in admonishing him by incorrectly stating the range of punishment. The court informed the appellant the range of punishment was for not "less than two or more than twenty years." The indictment charged the primary offense of forgery by passing a check, which is a third degree felony. V.T.C.A., Penal Code, § 32.21(d). A third degree felony is punishable by confinement in the Department of Corrections for not more than ten (10) years nor less than two (2) years, and in addition, a fine not to exceed $5,000.00 *may* be imposed. However, the indictment alleged a prior felony theft conviction for the purpose of enhancement.[2]

V.T.C.A., Penal Code, § 12.42(a), provides:

"(a) If it be shown on the trial of a third-degree felony that the defendant has been once before convicted of any

1. In a second enhancement paragraph, the indictment also alleged a prior conviction for unlawful possession of heroin. This allegation was abandoned and never proved.

2. See footnote # 1.

felony, on conviction he shall be punished for a second-degree felony."

V.T.C.A., Penal Code, § 12.33, provides that a person adjudged guilty of a second degree felony shall be confined in the Department of Corrections for not more than twenty (20) years nor less than two (2) years. In addition, a fine not to exceed $10,000.00 *may* be imposed.

A stipulation and a judicial confession furnished proof of the prior felony theft conviction. The court thus correctly stated the range of punishment with regard to confinement in the Department of Corrections, although there was a failure to mention the possible fine. There was no showing that appellant was unaware of the range of punishment or that he was misled or harmed by the admonishment of the court. No fine was imposed. There was a substantial compliance with Article 26.13, Vernon's Ann.C.C.P., in effect at the time of trial on November 22, 1976. Any error under the circumstances was harmless error. It appears from the record there was a plea bargain. In addition, the record reflects the following after the State recommended twenty (20) years' confinement as punishment:

> "THE COURT: I'm willing to accept that recommendation, if it's agreeable to the defendant and his counsel.
>
> "MR. ROBERSON (defense counsel): It is, Your Honor.
>
> "THE COURT: Do you agree?
>
> "THE DEFENDANT: Yes, sir."

Appellant's contention is overruled.

In four grounds of error appellant urges the judgment and sentence are void because they purport to find him guilty of a misdemeanor but assess punishment within the range of a first or second degree felony.

The indictment charged forgery by passing a check as the primary offense. While the instrument is described as "a writing," the check then is set out in full in the body of the indictment. The court expressly found the appellant guilty as charged in the first count of the indictment and that allegations as to the prior felony theft conviction were true.

The judgment and sentence describe the offense as "unlawfully, with intent to defraud and harm, intentionally and knowingly forge, by passing an instrument in writing." Appellant seizes upon such description of the offense for which appellant was convicted to urge that it is only a Class A misdemeanor. V.T.C.A., Penal Code, § 32.-21, defines "forge" as well as "writing" and then provides:

> "(c) Except as provided in Subsections (d) and (e) of this section an offense under this section is a Class A misdemeanor."

Appellant relies upon subsection (c) in his argument, but overlooks subsection (d), which reads:

> "(d) An offense under this section is a felony of the third degree if the writing is or purports to be a will, codicil, deed, deed of trust, mortgage, security instrument, security agreement, credit card, *check or similar sight order for payment of money,* contract, release, or other commercial instrument." (Emphasis supplied.)

While the judgment and sentence refer merely to "passing instrument in writing," it is clear from the indictment and the proof offered and the expressed findings of the trial court that the offense was forgery by passing a check. Thus, the judgment and sentence are not void, but can be reformed from the information we have in the record before us. *Vasquez v. State,* 477 S.W.2d 629 (Tex.Cr.App.1972), and cases there cited. *Jiminez v. State,* supra. See also Article 44.24, Vernon's Ann.C.C.P. The judgment and sentence are thus reformed to reflect a conviction for forgery by passing with a check.

In two grounds of error the appellant contends that the enhancement paragraph of the indictment is void because it fails to specifically allege that the appellant was convicted in a court much less a district court. The enhancement paragraph in question reads:

"Before the commission of the primary offense, on February 21, 1967, in Cause No. 118134, in Harris County, Texas, the Defendant was convicted of the felony of Theft from person."

While certainly no model for alleging prior convictions and while such form is not to be emulated, allegations as to prior convictions almost identical to those above were held not to be fundamentally defective in *Arce v. State,* 552 S.W.2d 163 (Tex.Cr.App. 1977), and *Prodon v. State,* 555 S.W.2d 451 (Tex.Cr.App.1977). In the instant case, there was no motion to quash. We adhere to *Arce* and *Prodon.*

As reformed, the judgment is affirmed.