Johnny Ray JONES a/k/a Charles Walker a/k/a Robert Fulton, Appellant,

v.

The STATE of Texas, Appellee.

No. 57472.

Court of Criminal Appeals of Texas, Panel No. 2.

Jan. 31, 1979.

Melvyn Carson Bruder and Archibald C. McColl, Dallas, for appellant.

Henry Wade, Dist. Atty., Stephen J. Wilensky and C. Wayne Huff, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

ROBERTS, Judge.

A jury convicted appellant of attempted murder, and the court assessed his punishment at eighteen years. Appellant contends that the court's charge is fundamentally defective and that his motion to quash the indictment should have been granted. We affirm.

The State put on evidence which showed that the complainant's residence was burglarized by one Barbara Williams, that Williams and appellant were arrested for committing the burglary, and that appellant shot the complainant four times in the back in retaliation. Appellant testified in an attempt to show that he acted in self-defense.

Appellant first contends that the court's charge is fundamentally defective. He points out that, in *defining* the offense in the charge as it is defined in the statute, the court did not specify that any culpable mental state was required. From this, appellant reasons, intent, knowledge, or reck-

lessness must be read into this part of the charge, if we are to follow the requirements of V.T.C.A., Penal Code, Sec. 6.02(c).[1] If this be true, appellant argues, then the court's charge was fundamentally erroneous because it expanded upon the language of the indictment, which alleged only that appellant acted intentionally and knowingly (but did not allege that appellant acted recklessly). Cf. *Walton v. State,* 575 S.W.2d 25 (Tex.Cr.App.1978); No. 54,724, delivered November 29, 1978.

Even if we were to accept appellant's argument that Section 6.02(c) applies to the court's charge, we could not sustain his contention. The alleged error occurs in that part of the charge where the offense is generally defined. Although we have counseled against such unnecessarily broad definitions, we have held that they do not constitute reversible error. *Dowden v. State,* 537 S.W.2d 5, 7 (Tex.Cr.App.1976); *Grudzien v. State,* 493 S.W.2d 827 (Tex.Cr.App. 1973).

As appellant concedes, the portion of the charge which applies the law to the facts duplicates the culpable mental states alleged in the indictment. Cf. *Walton v. State, supra.* It is this part of the court's charge which we examine to determine if there has been a fundamentally erroneous expansion on the language of the indictment. See, e. g., *Davis v. State,* 557 S.W.2d 303 (Tex.Cr.App.1977); *Shaw v. State,* 557 S.W.2d 305 (Tex.Cr.App.1977), and authorities there cited. We find no fundamental error in the charge; appellant's contention is therefore overruled.

Appellant's remaining contention is that the court should have granted his motion to quash the indictment. Omitting its formal parts, the indictment alleges that, on April 8, 1976, appellant

> "did then and there, with the specific intent to commit the offense of murder, attempt to cause the death of WAYNE

---

1. Section 6.02(c) provides:

    "If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility."

BROWN, an individual, by knowingly and intentionally shooting the said WAYNE BROWN with a firearm."

Appellant made a timely motion to quash the indictment, in which he alleged, among other things, that the indictment did not contain the elements of murder. This same allegation forms the basis of his contention on appeal.

In *Williams v. State,* 544 S.W.2d 428, 430 (Tex.Cr.App.1976), we held that "an indictment for criminal attempt is not fundamentally defective for failure to allege the constituent elements of the offense attempted." There was, however, no motion to quash in *Williams.* 544 S.W.2d, at 429.

In *Williams,* we relied heavily on (and quoted from) *Gonzales v. State,* 517 S.W.2d 785, 788 (Tex.Cr.App.1975), where we held that "the constituent elements of the particular theft or intended theft need not be alleged in an indictment or information for burglary with intent to commit theft." See also *Earl v. State,* 514 S.W.2d 273 (Tex.Cr. App.1974). This holding was not qualified by the Court's noting either the presence or absence of a motion to quash.

Also, we observe that under our former penal code an indictment for assault with intent to murder was not required to allege the elements of murder. *Gonzales v. State, supra,* 517 S.W.2d, at 787. *Bustillos v. State,* 464 S.W.2d 118, 125 (Tex.Cr.App. 1971).

Finally, we turn to the language of *Earl v. State, supra,* an aggravated robbery case, which was quoted at length in *Gonzales* and *Williams* :

> "It is appellant's contention that the indictment should have alleged the constituent elements of the theft in the course of which the robbery was committed. In considering the argument we observe that Section 29.01, V.T.C.A. Penal Code, provides in part:
>
> > " ' "In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft.' "

> "Thus the actual commission of the offense of theft is not prerequisite to commission of a robbery, nor need the victim of the theft or attempted theft and the victim of the robbery be the same. Of course it must be alleged and proven that the alleged offense was committed 'in the course of committing a theft' and 'with intent to obtain or maintain control of the property' involved in the theft. Although the proof will involve proving up a theft or attempted theft, the elements of the particular theft (see Chapter 31, and specifically Secs. 31.02 and 31.03, V.T. C.A. Penal Code) or attempted theft (see Sec. 15.01, V.T.C.A. Penal Code), need not be alleged in the indictment." 514 S.W.2d, at 274.

An attempt offense is analogous to robbery in that the offense attempted need not be proved *as a completed offense.* Of course, this is the essence of attempt. See V.T.C.A., Penal Code, Sec. 15.01(a). Thus, following the logic of *Earl,* we hold that the elements of the offense attempted need not be set out in an attempt indictment. Appellant's second contention is therefore overruled.

The judgment is affirmed.