Eddie Lewis JASON, Appellant,

v.

The STATE of Texas, Appellee.

No. 56816.

Court of Criminal Appeals of Texas,
Panel No. 1.

Nov. 14, 1979.

Stanley G. Schneider, Houston, for appellant.

Carol S. Vance, Dist. Atty., Michael C. Kuhn and Ken O. M. Henderson, Jr., Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for aggravated rape of a child. V.T.C.A. Penal Code, Sections 21.09 and 21.03. Punish-ment, enhanced by one prior conviction, was assessed by the jury at thirty-five years in the Texas Department of Corrections.

The sufficiency of the evidence to sustain the conviction for rape is not challenged. The record reflects that the complaining witness D___ M___ met appellant on August 1, 1976 in the lounge of Goofy's Game Room, at approximately midnight. D___ M___ and a friend left the lounge with appellant and his friend, to go to appellant's apartment to get some drugs. When D___ M___ attempted to leave the apartment a few hours later, appellant stopped her and thereafter committed the rape.

In his first ground of error, appellant contends that the second count of the indictment is fundamentally defective as failing to allege a culpable mental state. V.T. C.A. Penal Code, Section 6.02.

The second count of the indictment alleged in part that appellant did,

"unlawfully, intentionally and knowingly have sexual intercourse with a female under the age of seventeen years and not his wife, D___ R___ M___, hereafter styled the Complainant, and the Defendant did compel the Complainant to submit to the act of sexual intercourse by threatening the imminent infliction of serious bodily injury and death to the Complainant."

Appellant attacks the aggravation portion of this indictment as being defective for the failure to allege that he "knowingly and intentionally" compelled submission to the offense.

In *Ex parte Smith*, 571 S.W.2d 22 (Tex. Cr.App. 1978), we were faced with an indictment for aggravated rape, wherein the defendant made a similar argument. There, the indictment alleged that the defendant,

"did then and there unlawfully engage in sexual intercourse with R___ S___, a female then and there under the age of 17 years and then and there under the age of 14 years and not then and there the wife of the said [defendant] and the said [defendant] did then and there *knowingly and intentionally* during the course of the

same criminal episode, cause serious bodily injury to the said R___ S___ . . ." (Emphasis added)

The defendant contended that this indictment was fundamentally defective because it failed to allege that he had sexual intercourse with the requisite culpable mental state.

We recognized that to establish criminal responsibility for the differing offenses of rape, the State must allege and prove that the defendant acted intentionally, knowingly, or recklessly. V.T.C.A. Penal Code, Sections 6.02, 21.03 and 21.09.

In response to the defendant's argument, we held:

"The indictment in the instant case alleges that [the defendant] '*knowingly and intentionally during the course of the same criminal episode* cause[d] serious bodily injury . . .' (Emphasis added) The criminal episode referred to is the act of sexual intercourse with the complaining witness. We hold that the emphasized phrase constitutes a sufficient allegation that [the defendant] knowingly and intentionally engaged in sexual intercourse."

In the instant case, the indictment clearly alleges that appellant "knowingly and intentionally had sexual intercourse" with the complainant. It further alleges that he compelled her submission to this intercourse. The allegations are such that before appellant could have had sexual intercourse with the complainant, he had to have compelled her submission to the act first. Thus, the reference to appellant's compelling the submission of the complainant refers to the knowing and intentional act of sexual intercourse. The allegation that appellant "knowingly and intentionally" had sexual intercourse with the complainant *includes* the allegation that he also knowingly and intentionally committed the acts by which means he accomplished the rape, i.e., compelling submission by threats. We hold that for the above reasons, this indictment sufficiently alleges a culpable mental state in the aggravation portion of this indictment. See and compare, *Ex parte Smith*, supra; *Dovalina v. State*, 564 S.W.2d 378 (Tex.Cr.App. 1978); *Clark v. State*, 558 S.W.2d 887 (Tex.Cr.App. 1977); *Johnson v. State*, 537 S.W.2d 16 (Tex.Cr.App. 1976); *Teniente v. State*, 533 S.W.2d 805 (Tex.Cr.App. 1975).

In his second ground of error, appellant contends that the evidence is insufficient to show that the complainant was under the age of seventeen (17) years as alleged in the indictment. We do not agree.

The record reflects that the prosecutor asked the complainant, at trial on November 17, 1976,

"Q. . . . How old are you?

"A. Sixteen.

"Q. And what is your date of birth?

"A. June 18th, 1960.

"Q. All right. So you are presently sixteen?

"A. Yes, sir.

\*    \*    \*    \*    \*    \*

"Q. I want to ask you to recall back on or about August 1st 1976, and ask you how old you were at that time?

"A. Sixteen."

Upon cross examination, the complainant again stated the date of her birth. We hold that this testimony was sufficient to prove that the complainant was under the age of seventeen on the date of the offense. See *Chavez v. State*, 508 S.W.2d 384 (Tex.Cr.App. 1974). This ground of error is overruled.

In his third ground of error, appellant complains of the trial court's overruling his objection to the prosecutor's jury argument at the guilt/innocence phase of the trial. Specifically, he complains of the prosecutor's rebuttal argument that:

"[Defense] counsel said the State hasn't proved to you that the complainant witness in the case was sixteen. Let me tell you, that's a competent attorney sitting on the other side of the table from me, and if there was a birth certificate anywhere in the United States, this man has a right to subpoena that birth certificate and have it here.

\*    \*    \*    \*    \*    \*

[The objection to this argument was overruled.]

\* \* \* \* \* \*

And you can believe me, when the State elected to proceed in the case on the rape of a child, wherein this age was important, if there would have been such a certificate, it would have been here . . . ."

The record reflects that defense had previously argued:

"Now, we run into technical problems, they get into reasonable doubt. The State never did offer, and there's one that exists somewhere, there is a birth certificate somewhere. Isn't that the best evidence? There's no birth certificate in this thing to show the age of this child who looks like to me, a grown woman fully endowed and so forth. You remember the testimony of the doctor was that she represented that she was sixteen. She represented to you that she was sixteen. But I don't think that's enough in the proof of that technical point . . . That point should be clear proof that she was a child, and there is no birth certificate. In this modern day and age, if she was sixteen, sixteen years, was 1960, there are plenty of records available . . We're talking about a case where this man could go to the penitentiary for life, and the State hasn't even paid you the courtesy of bringing in documentary proof of age . . . ."

■ We find that the prosecutor's argument was made in response to the defense argument that a birth certificate was available to the State. Since the argument was made in response to the appellant's argument, the trial court did not err in overruling the objection thereto. See *Hefley v. State,* 489 S.W.2d 115 (Tex.Cr.App. 1973). See also *Jones v. State,* 520 S.W.2d 755 (Tex.Cr.App. 1975); *Allen v. State,* 513 S.W.2d 556 (Tex.Cr.App. 1974); *Hill v. State,* 518 S.W.2d 810 (Tex.Cr.App. 1975). This ground of error is overruled.

In his fourth ground of error, appellant contends that the enhancement portion of his indictment was fundamentally defective in that it failed to allege the court in which the prior conviction was obtained.

■ In *Prodon v. State,* 555 S.W.2d 451 (Tex.Cr.App. 1978), we were confronted with this same contention. Quoting from *Arce v. State,* 552 S.W.2d 163 (Tex.Cr.App. 1977), we overruled this contention, stating:

" 'The appellant here made no motion to quash on the ground now urged, and this court has previously held that complaints such as the appellant now makes are exceptions as to form and not to substance, and cannot be raised for the first time on appeal. *Stribling v. State,* 542 S.W.2d 418 (Tex.Cr.App. 1976); *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Cr.App. 1974), and cases there cited.' Id., 552 S.W.2d at 164."

In the present case, no motion to quash the enhancement paragraph was filed. Under the authority of *Prodon v. State,* supra, and *Arce v. State,* supra, this ground of error is overruled.

In his fifth ground of error, appellant claims that he was denied due process because the prosecutor "systematically excluded blacks from the jury by use of peremptory challenges."

■ At his hearing on a motion for new trial, appellant presented the testimony of several witnesses that prosecutors in Harris County usually exercised peremptory challenges to strike blacks from jury panels. The State presented testimony that there was no office policy or established practice for prosecutors to strike black persons from jury panels solely because of their race. There was also testimony that blacks both did and had served on jury panels in the past. Upon a similar record, we have previously considered and rejected appellant's contention, stating in *Ridley v. State,* 475 S.W.2d 769 (Tex.Cr.App. 1972);

"In *Swain [v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965)], the Supreme Court said it was the very nature of a peremptory strike to permit 'rejection for a real or imagined partiality' which may be 'frequently exercised on grounds normally thought irrelevant to

legal proceedings or official action, namely the *race*, religion, nationality, occupation or affiliations of people summoned for jury duty.' (emphasis supplied) Hence, where race (or any of the other 'irrational but trial-related suspicions and antagonisms) is a trial-related consideration in a particular trial and potential jurors are excluded from that trial jury by the State's use of the peremptory strike based on such consideration, equal protection has not been denied in that trial. Nor would the mere cumulation of trials utilizing the peremptory strike in this trial-related manner amount to 'systematic exclusion' in the selection of petit juries as understood in *Swain*."

Thus, we conclude, as we did in *Ridley v. State*, supra, that no systematic exclusion has been shown. As we stated in *Ridley*, to hold otherwise, upon a record such as this, would be, in effect, the abolition of our peremptory challenge practice which has always been a part of our system to help an accused, as well as the State, obtain an impartial jury and a fair trial. See also, *Duncantell v. State*, 563 S.W.2d 252 (Tex. Cr.App. 1978). This ground of error is overruled.

In a pro se ground of error, appellant contends that the trial court erred in receiving and accepting a fatally defective jury verdict which did not find him guilty of the offense with which he was charged.

■ The indictment alleged aggravated rape of a child. The trial court charged the jury on aggravated rape of a child. Instructions on lesser included offenses were neither requested nor given. However, on a verdict form supplied by the trial court, the jury endorsed its verdict as follows:

"We, the jury, find the defendant guilty of the offense of rape of a child *as charged in the indictment.*" (Emphasis added)

The omission of the word "aggravated" in this form charge does not require a reversal of the cause.

The trial court correctly charged the jury on the offense of aggravated rape of a child as follows:

"Our law provides that a person commits an offense of rape of a child if he intentionally or knowingly has sexual intercourse with a female not his wife and she is younger than seventeen (17) years. The offense becomes aggravated rape of a child if the person compels submission to the rape as defined above by threat of death or serious bodily injury to be imminently inflicted on anyone."

The charge then proceeds to define several terms, then concludes by applying the law to the facts:

"Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Eddie Lewis Jason, in Harris County, Texas, on or about the 1st day of August, 1976, intentionally or knowingly had sexual intercourse with a female, to-wit: (Complainant), who was then and there younger than seventeen years, and was not his wife, and that the defendant compelled submission to the rape by threat of death or serious bodily injury to be imminently inflicted on (Complainant), you will find the defendant guilty of aggravated rape of a child.

"If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

After receiving this charge, the jury retired to deliberate with the verdict form supplied by the court. That form required the jury to choose between (1) finding appellant not guilty and (2) finding appellant guilty of the offense of rape of a child, *as charged in the indictment.* These were the only choices available to the twelve lay persons who had heard an indictment alleging aggravated rape of a child, who had listened to evidence on aggravated rape of a child, and who had been charged on aggravated rape of a child. In the face of all these circumstances, the jury signaled, by the only means available, that they considered appellant guilty "as charged in the indictment."

From the indictment up to the verdict of the jury, every phase of appellant's trial involved aggravated rape of a child.

Against that backdrop, twelve lay persons retired to secretly deliberate the guilt of appellant. They found that appellant had committed rape of a child "as charged in the indictment." Under these circumstances, the language of the verdict should be interpreted in light of the indictment and charge.

The facts before us compare favorably with our holdings in *Potts v. State*, 571 S.W.2d 180 (Tex.Cr.App. 1978); *Adam v. State*, 490 S.W.2d 189 (Tex.Cr.App. 1973); *Miles v. State*, 486 S.W.2d 326 (Tex.Cr.App. 1972). These cases dealt with the sufficiency of stipulations containing "form" phrases which affirmed the acts and allegations in the indictment. An example comes from *Adam v. State*, supra.

"Said defendant . . . agrees and stipulates that he, the said defendant, is the identical person named in the indictment in the above styled and numbered cause and that *all the acts and allegations in the said indictment . . . are true and correct.*" (Emphasis added)

This Court wrote:

"This 'catch-all' stipulation is sufficient to constitute a judicial confession which will alone support a conviction."

If reference to a "catch-all" phrase in a form stipulation can bridge a gap in the sufficiency of the evidence, there is no sound reason why the phrase "as charged in the indictment" appearing on a form verdict does not cure the alleged variance. See also *Dinn v. State*, 570 S.W.2d 910 (Tex.Cr.App. 1978), which applies this same reasoning to enhancement. This ground of error is overruled.

We have examined appellant's additional pro se contentions and find them to be without merit.

The judgment is affirmed.