11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Justin Russell
May

Appellant

Vs.      
            No. 11-01-00241-CR  -- 
Appeal from Collin County

State of Texas

Appellee

 

The jury
convicted Justin Russell May of the offense of attempted assault, a Class B
misdemeanor.  The trial court assessed
his punishment at confinement for 60 days. 
We affirm.  

In his
sole issue for review, appellant contends that the information was fundamentally
defective because it failed to set forth which type of assault he allegedly
attempted.  The information charged that
appellant committed the offense of attempted assault as follows: 

[T]hen and there intentionally, with the
specific intent to commit the offense of assault, of A. Russell, do an act,
namely: throw a telephone at A. Russell, which amounted to more than mere
preparation that tended but failed to effect the commission of the offense
intended,

 

[T]hen and there intentionally, with the specific intent
to commit the offense of assault, of A. Russell, do an act, namely: throw a
telephone in the direction of A. Russell, which amounted to more than mere
preparation that tended but failed to effect the commission of the offense
intended.  

 








We hold that, because the
information in this case is an Ainformation@ as
contemplated by TEX. CONST. art. V, ' 12(b) and because appellant failed to object prior to trial, appellant
waived any objection to either the form or substance of the information.  A written instrument is an Ainformation@ under the constitution Aif it accuses someone of a crime with enough clarity and specificity to
identify the penal statute under which the State intends to prosecute, even if
the instrument is otherwise defective.@  Duron v. State, 956 S.W.2d
547, 550-51 (Tex.Cr.App.1997).  In this
case, the information was sufficiently specific to give notice of the penal
statutes at issue and, thus, was an Ainformation.@  An objection to a defect in either the form
or substance of an Ainformation@ must be made prior to the date that trial
commences; otherwise, the objection is waived and may not be raised on
appeal.  TEX. CODE CRIM. PRO. ANN. art.
1.14(b) (Vernon Supp. 2002); Duron v. State, supra; Studer v. State, 799 S.W.2d
263 (Tex.Cr.App.1990).  Appellant did
not object prior to trial.  Moreover, an
indictment for criminal attempt has been held not to be defective for failure
to allege the constituent elements of the offense attempted.  Young v. State, 675 S.W.2d 770, 771
(Tex.Cr.App.1984); Whitlow v. State, 609 S.W.2d 808 (Tex.Cr.App.1980); Jones v.
State, 576 S.W.2d 393 (Tex.Cr.App.1979); Williams v. State, 544 S.W.2d 428
(Tex.Cr.App.1976); Epps v. State, 811 S.W.2d 237, 242 (Tex.App. - Dallas 1991,
no pet=n). 
Appellant=s sole issue for review is overruled.  

The
judgment of the trial court is affirmed. 


 

JIM R. WRIGHT

JUSTICE

 

June 20, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.