**Opinion filed December 16, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00033-CR

_____

## MARIO DWAYNE BROWN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CR52672**

## M E M O R A N D U M   O P I N I O N

The jury found Appellant, Mario Dwayne Brown, guilty of the third-degree felony offense of assault on a public servant. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1) (West Supp. 2021). Upon Appellant's election, the trial court assessed punishment. After it found the two enhancement paragraphs alleged in the indictment to be true, the trial court sentenced Appellant to imprisonment in the Institutional Division of the Texas Department of Criminal Justice for twenty-five years. *See id.* § 12.42(d) (West 2019).

Appellant presents four issues on appeal. In his first issue, Appellant challenges the sufficiency of the evidence to support his conviction. In his second and third issues, Appellant challenges the trial court's findings of true as to the two enhancement allegations. In his fourth issue, Appellant asserts that the district clerk improperly assessed court-appointed attorney's fees against him. We modify and affirm.

## I. *Factual Background*

Appellant was indicted for assaulting Zachary McCammond, an officer with the Midland Police Department. Officer McCammond was the only witness to testify at Appellant's trial.

On the night of Appellant's arrest, Officer McCammond had been dispatched to the scene of a vehicular accident that occurred in front of a Kent Kwik convenience store in Midland. Law enforcement was still on scene, working to impound the vehicles involved in the collision, when Officers McCammond and Fulton were informed that two men were fist-fighting in the alley next to the Kent Kwik. Both officers ran toward the alley, and Officer McCammond identified himself as a police officer. Appellant and an unknown individual stepped away from each other; Appellant then started to flee and Officer McCammond pursued him. Seconds into the chase, Appellant tripped and fell, landing in a prone position on the ground.

Officer McCammond kneeled down, straddling Appellant, and attempted to handcuff him. He initially secured Appellant's right arm behind Appellant's back. Appellant's left arm was tucked underneath Appellant's body on the ground. Officer McCammond testified that, while he attempted to secure Appellant's left arm, Appellant's right hand grabbed "at the crotch area of [Officer McCammond's] pants." With his left hand, Appellant grabbed Officer McCammond's fingers and twisted them. Officer McCammond testified that Appellant "continued to twist" his

2

fingers as he and other officers gave Appellant "verbal commands to stop." In the heat of the moment, Officer McCammond did not feel any physical pain in his fingers. After Appellant was secured, Officer McCammond transported Appellant to the Midland County Jail.

They arrived at the jail within ten minutes of the incident. Around that time, Officer McCammond "realized that [his] fingers were aching pretty bad." He felt a "pretty constant sense of pain from [his] pinkie and [his] ring finger on [his] left hand." Officer McCammond testified that he did not take any photographs of his hand because his injured fingers did not exhibit any visible abrasions or redness.

The State subsequently indicted Appellant for assault on a public servant; the indictment also included two enhancement allegations.

## II. *Analysis*

### A. *Sufficiency of the Evidence*

In his first issue, Appellant contends that the evidence is insufficient to support his conviction for the charged offense. Specifically, Appellant asserts that the State failed to prove that Officer McCammond suffered any bodily injury.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all of the evidence admitted at trial, including evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235

S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. We may not reevaluate the weight and credibility of the evidence to substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Therefore, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778.

Further, we treat direct and circumstantial evidence equally under this standard. *Isassi*, 330 S.W.3d at 638; *Clayton*, 235 S.W.3d at 778; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence can alone be sufficient to establish guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper*, 214 S.W.3d at 13). Therefore, in evaluating the sufficiency of the evidence, we must consider the cumulative force of all the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017); *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). Each fact need not point directly and independently to the defendant's guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13.

Finally, we measure the sufficiency of the evidence by the elements of the charged offense as defined by the hypothetically correct jury charge for the case. *Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016); *see also Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of

liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

A person commits the offense of assault on a public servant if the person "intentionally, knowingly, or recklessly causes bodily injury" to "a person the actor knows is a public servant while the public servant is lawfully discharging an official duty, or in retaliation or on account of an exercise of official power or performance of an official duty as a public servant." PENAL § 22.01(a)(1), (b)(1). "Public servant" is defined to include "a person elected, selected, appointed, employed, or otherwise designated" as "an officer, employee, or agent of government." *Id.* § 1.07(a)(41)(A) (West 2021). An officer lawfully discharges an official duty when he "is not criminally or tortiously abusing his office as a public servant." *Hall v. State*, 158 S.W.3d 470, 475 (Tex. Crim. App. 2005); *Clark v. State*, 461 S.W.3d 244, 248 (Tex. App.—Eastland 2015, pet. ref'd). Further, bodily injury encompasses "even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Clark*, 461 S.W.3d at 248 (quoting *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989)).

Here, the State adduced sufficient evidence to support the jury's finding that Appellant caused bodily injury to Officer McCammond. At trial, Officer McCammond testified that Appellant twisted Officer McCammond's left pinkie and ring fingers. Audio from the officers' body cameras recorded Officer McCammond's telling Appellant to "quit pinching," and another officer can be heard ordering Appellant to stop grabbing Officer McCammond's genital area. Furthermore, Officer McCammond testified that, within minutes of being assaulted by Appellant, his fingers began "to stiffen up," ache, and become painful to bend. Officer McCammond explained that it became necessary for him to tape those two fingers for a "couple days" after the assault.

5

"Bodily injury" as defined includes physical pain. PENAL § 1.07(a)(8). Although Appellant is correct that the injuries that Officer McCammond sustained to his hand, either as the assault occurred or after the fact, cannot be seen on the officers' bodycam video footage, the video evidence does not controvert Officer McCammond's testimony. Based on the record before us, we hold that a rational jury could have found beyond a reasonable doubt that Appellant assaulted Officer McCammond as charged in the indictment. Therefore, because the evidence is sufficient to support Appellant's conviction, we overrule Appellant's first issue on appeal.

B. *Enhancement Paragraphs*

In his second and third issues, Appellant argues that the trial court erred when it found the State's enhancement allegations in the indictment to be true.

The indictment included two enhancement allegations. Enhancement Paragraph I alleged that Appellant had been "finally convicted of the felony offense of Burglary of a Habitation" in Ector County on December 9, 2008. Enhancement Paragraph II alleged that Appellant had been "finally convicted of the felony offense of Tampering with Physical Evidence" in Midland County on July 7, 2005. Appellant pleaded not true to both enhancement allegations.

The State subsequently proffered two pen packets, which the trial court admitted, in support of the enhancements. Both contained a copy of the respective judgment of conviction, a photograph of Appellant, and a fingerprint card. As to the prior conviction in Midland County, the judgment in the pen packet denoted "destruction of evidence" as the offense for which Appellant was convicted on July 7, 2005.

1. *Enhancement Paragraph II—Variance*

In his second issue, Appellant argues that because a variance existed between the prior offense alleged in the enhancement—"Tampering with Physical Evidence"

6

and the prior offense proved—"destruction of evidence"—the trial court erred when it found Enhancement Paragraph II to be true. We disagree.

When a prior conviction to *enhance punishment* is alleged, the State is not required to allege the prior conviction with the same particularity that must be used when the primary offense is charged. *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986) (citing *Cole v. State*, 611 S.W.2d 79, 80 (Tex. Crim. App. 1981)). The enhancement allegations should include and identify the court in which the conviction was obtained, the date of the conviction, and the nature of the prior offense. *Cole*, 611 S.W.2d at 80 (citing *Hollins v. State*, 571 S.W.2d 873, 876 (Tex. Crim. App. 1978)); *see also Freda*, 704 S.W.2d at 43. A variance between an allegation in the indictment and the proof of the prior conviction only constitutes a "material" and "fatal" variance if it would mislead the defendant to his prejudice. *Freda*, 704 S.W.2d at 42; *Hall v. State*, 619 S.W.2d 156, 157 (Tex. Crim. App. [Panel Op.] 1980). Further, in order to challenge the sufficiency of an enhancement allegation on appeal, the defendant must have asserted a proper motion to quash the enhancement portion of the indictment in the trial court. *Cole*, 611 S.W.2d at 80 (citing *Teamer v. State*, 557 S.W.2d 110, 112–13 (Tex. Crim. App. 1977); *Prodon v. State*, 555 S.W.2d 451, 453 (Tex. Crim. App. 1977)).

Although a variance exists between the nature of the prior offense alleged in Enhancement Paragraph II and the prior offense denoted in the judgment and for which Appellant was convicted, the State did correctly allege in the enhancement paragraph the date and cause number of the prior offense, the proper convicting court for the prior offense, and the county where the convicting court is located. *See, e.g.*, *Freda*, 704 S.W.2d at 43. Moreover, Appellant failed (1) to file a motion to quash the indictment in the trial court on the ground that the enhancement allegation was defective or (2) to object to the admission of the judgment based on prejudice or surprise at the time the judgment was offered into evidence by the State. Based on

7

the record before us, we hold that Appellant failed to establish that the variance misled or surprised him to his prejudice. Accordingly, we overrule Appellant's second issue on appeal.

### 2. *Enhancement Paragraphs I and II—Proof of Identity*

In his third issue, Appellant further contends that the evidence was insufficient to support the trial court's findings of true for Enhancement Paragraph I and Enhancement Paragraph II.

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). Although evidence of a certified copy of a final judgment of conviction may be a preferred and convenient means, there is no specific document or mode of proof through which the State must prove these two elements. *Id.* Rather, the totality of the circumstances determines whether the State has met its burden of proof on both elements. *Id.* at 922–23. The modes of proof that are available to the State to establish both elements include (1) the defendant's own admission or stipulation, (2) testimony by a witness who was present when the defendant was previously convicted of the specified crime and can identify the defendant, or (3) a judgment or pen packet that contains sufficient information to show the defendant's identity, such as a photograph of the defendant. *Id.* at 921–22; *see, e.g., Beck v. State*, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986); *Littles v. State*, 726 S.W.2d 26, 31–32 (Tex. Crim. App. 1984); *Doby v. State*, 454 S.W.2d 411, 413–14 (Tex. Crim. App. 1970).

When the State proffered the aforementioned pen packets, Appellant's trial counsel objected on the grounds that (1) the police report for the indicted offense listed a different date of birth for Appellant and (2) the prior judgments of conviction contained different spellings of Appellant's middle name. On appeal, Appellant

8

contends that because of these discrepancies, the State failed to sufficiently link Appellant to either prior conviction. We disagree.

Both pen packets contained Appellant's photograph, fingerprint card, and date of birth—February 5, 1981. Appellant's trial counsel proffered Officer McCammond's police report, which listed Appellant's birth date as May 2, 1981. Written numerically, Appellant's birthdate is 02/05/1981. Here, Officer McCammond likely made a transpositional error when he listed "05/02/1981" as Appellant's birthdate on the police report. Aside from the apparent misspelling of Appellant's middle name—"Dewayne"—on the 2008 judgment, the identifying information concerning Appellant in Officer McCammond's report matches and is consistent with the other identifying information about Appellant as contained in the admitted pen packets. Furthermore, the photographs in the pen packets establish that the same person (Appellant) had been convicted of both offenses.

We hold that the State established that Appellant had been previously convicted twice as alleged in the enhancements. Therefore, the trial court did not err when it found the enhancement allegations to be true. Accordingly, we overrule Appellant's third issue on appeal.

C. *Court-Appointed Attorney's Fees*

In his fourth issue, Appellant asserts, and the State agrees, that it was error to assess court-appointed attorney's fees against him because he remained indigent.

We review an assessment of court costs to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost. *Smith v. State*, 631 S.W.3d 484, 500–01 (Tex. App.—Eastland 2021, no pet.) (citing *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014)). An indigent defendant cannot be taxed the cost of services rendered by his court-appointed attorney unless the trial court finds that the defendant has the financial resources to repay those costs in whole or in part. *Id.* at 501 (citing *Mayer v. State*, 309 S.W.3d

9

552, 556 (Tex. Crim. App. 2010)); *see* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West. Supp. 2021). A defendant's financial resources and ability to pay are explicit elements that the trial court must consider in its determination of whether to order the reimbursement of such costs and fees. *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013). As such, a defendant who has been determined by the trial court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial resources occurs and has been determined. CRIM. PROC. art. 26.05(g–1)(2); *Cates*, 402 S.W.3d at 251.

Here, because the trial court had determined that Appellant was indigent, trial counsel was appointed to represent Appellant's interest in all proceedings in the case. Appellant also filed a motion for a free reporter's record, which the trial court granted. The district clerk subsequently submitted an amended bill of costs, which assessed a $4,600 fee against Appellant for the services incurred by his court-appointed trial counsel. Because nothing in the record indicates that (1) Appellant is no longer indigent or (2) the trial court had made a subsequent determination that Appellant's circumstances had materially changed or that he had the financial resources or ability to pay the court-appointed attorney's fees that were assessed against him, we hold that these costs were improperly assessed. *See Cates*, 402 S.W.3d at 252; *Smith*, 631 S.W.3d at 501.

When the trial court clerk erroneously includes fees as costs, we should modify the bill of costs to remove the improperly assessed fees. Accordingly, we sustain Appellant's fourth issue and modify the trial court's judgment and the district clerk's bill of costs to delete the $4,600 court-appointed attorney's fees that were assessed against Appellant.

10

### III.  *This Court's Ruling*

As modified, we affirm the judgment of the trial court.  *See* TEX. R. APP. P. 43.2(b).

W. STACY TROTTER

JUSTICE

December 16, 2021

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.