**Opinion issued December 16, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-13-00954-CR
_____

**RAYMOND BUCHANAN, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 68872**

### MEMORANDUM OPINION

A jury found Appellant Raymond Buchanan, Jr. guilty of sexual assault of a child and sentenced him to 35 years' confinement. In two issues, Buchanan contends that (1) there was insufficient evidence to prove that the complainant M.K. was under the age of 17 at the time of the offense and (2) the trial court

abused its discretion in admitting extraneous-offense evidence.  We affirm.

## Background

M.K. testified that as she left a smoke shop in Houston, a man, later identified as Buchanan, asked if she wanted to go to his house to watch football. M.K. agreed and testified that once they arrived, they smoked synthetic marijuana and watched football.

M.K. testified that after smoking the synthetic marijuana, she was unable to control herself and needed help walking up the stairs.  She fell asleep in the upstairs game room, and the next thing that she remembered was waking up in Buchanan's bed the next morning with her underwear missing.  M.K. testified that Buchanan told her that he had sexual intercourse with her and that there was a "surprise inside of her."  When she went to the restroom she found a condom inside her vagina.  M.K. asked Buchanan to take her home, and after he dropped her off at a gas station, she flagged down Sergeant H. Hunt of the Pearland Police Department.

M.K. initially gave police a fake name and birthdate because she was a runaway and "scared."  But she later admitted that she was under the age of 17 and that she was actually born on August 11, 1995.  The trial court admitted M.K.'s Texas Identification Card, which corroborated this.

Sergeant J. Dandeneau of the Brazoria County Sheriff's Office also testified. A week after the assault, M.K. told him that her actual date of birth was August 11, 1995, and that she was 16 years old at the time of the assault. Dandeneau testified that, during his investigation, he discovered sexually explicit photographs of M.K. on Buchanan's cell phone. M.K. told Dandeneau that she did not consent to Buchanan photographing her, and M.K. also testified that she did not consent to the photographs.

Dandeneau also found several plastic bags of synthetic marijuana, or "Kush," in Buchanan's home. Deputy J. Gentry of the Brazoria County Sheriff's Department ID Division testified that he took photographs of several bags of Kush found in Buchanan's house.

Tammy Bires, a forensic scientist in the DNA Section of the Department of Public Safety, also testified. Bires told the jury that Buchanan's DNA sample matched the semen taken from M.K.'s body.

The trial court admitted a video recording of Buchanan's oral statements during his custodial interrogation in which Buchanan discussed working with the Drug Enforcement Agency and using synthetic marijuana.

During the punishment phase of the trial, the trial court admitted State's Exhibit 26A, a sexually explicit video lasting approximately 20 minutes. The video showed Buchanan engaging in sexual intercourse with an adult woman, A.B.

3

A.B. testified in the punishment phase. She told the jury that State's Exhibit 26A depicts her repeatedly telling Buchanan to stop having intercourse with her. A.B. had no recollection of the incident and testified that she was incoherent during the video. She testified that she had consumed a large quantity of alcohol and that she did not consent to having sex with Buchanan or to having him record it. She testified that towards the end of the recording she began "waking up and realizing what's going on." A.B. asked Buchanan to stop more than ten times, and he did not.

## Sufficiency of the Evidence

### A. Standard of Review

We review evidentiary sufficiency challenges under the *Jackson v. Virginia* standard. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) ("[T]he *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove, beyond a reasonable doubt.") (referring to *Jackson v. Virginia,* 443 U.S. 307, 99 S. Ct. 2781 (1979)). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson,* 443 U.S. at

4

319, 99 S. Ct. at 2789; *In re Winship,* 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State,* 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this is the function of the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We therefore resolve any inconsistencies in the evidence in favor of the verdict, *Matson v. State*, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991) (en banc), and "defer to the jury's credibility and weight determinations." *Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).

## B.    Applicable Law

"A person commits [sexual assault of a child] if the person intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means." TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (West 2011). For purposes of section 22.011, a child is "a person younger than 17 years of age." *Id.* § 22.011(c)(1).

## C.    Analysis

Buchanan challenges the sufficiency of the evidence to prove that M.K. was under the age of 17 at the time of the assault. According to Buchanan, "the only evidence admitted to prove the age of [M.K.] was her uncorroborated hearsay

5

testimony concerning her date of birth, along with the hearsay testimony of law enforcement officers which was based solely on hearsay statements made by [M.K.]."

"[T]he testimony of the complainant as to her age and birth date [is] sufficient to prove that she was under the age of seventeen at the time of the offense." *Perez-Del Rio v. State*, No. 14-04-00963-CR, 2006 WL 561887, at *3 (Tex. App.—Houston [14th Dist.] Mar. 2, 2006, pet. ref'd) (mem. op., not designated for publication). Thus, M.K.'s testimony that she was 16 at the time of the offense was sufficient to prove that she was under 17 at the time. *See id.*; *see generally Jason v. State*, 589 S.W.2d 447, 449 (Tex. Crim. App. 1979) (same); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2014) (providing that testimony of child under 17 alone is sufficient to convict defendant of sexual assault of a child). Buchanan challenges M.K.'s testimony about her birthdate as hearsay because, according to him, it was not based on her personal knowledge, but instead on what she learned from hearsay statements or looking at hearsay documents. Whether M.K.'s testimony was hearsay does not change our analysis because we consider both properly and improperly admitted evidence in a sufficiency challenge. *See Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013) (reviewing court considers all admitted evidence, regardless of whether

6

properly or improperly admitted, when reviewing sufficiency of evidence); *Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006) (same).

Second, Buchanan contends that the evidence is insufficient because M.K. was not credible. In support, Buchanan correctly points out that M.K. initially lied to the police about her name and age. But the credibility of M.K.'s testimony was a factor for the jury to consider in weighing the evidence, and we defer to the jury's resolution of the conflicting evidence. *See Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008) (we afford almost complete deference to jury's determinations of credibility); *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000) (appellate courts resolve any inconsistencies in the evidence in favor of the verdict).

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found that Buchanan intentionally or knowingly penetrated M.K.'s sexual organ by Buchanan's sexual organ, that M.K. was under 17, and that M.K. was not Buchanan's spouse. Accordingly, we hold that the evidence was legally sufficient to support the judgment.

We overrule Buchanan's first issue.

**Evidentiary Rulings in Guilt-Innocence Phase**

Buchanan contends that the trial court abused its discretion by admitting four pieces of evidence: (1) a photograph of a bag of synthetic marijuana, (2) officers'

testimony that they found synthetic marijuana in Buchanan's home, (3) Buchanan's admission during a police interrogation that he used synthetic marijuana, and (4) Buchanan's statement during an interrogation that he worked with the DEA.

## A.    Standard of Review and Applicable Law

We review a trial court's ruling on admissibility under an abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). We will not reverse a trial court's ruling on evidentiary matters unless the decision was outside the zone of reasonable disagreement. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). If the trial court's ruling can be justified on any theory of law applicable to that ruling, the ruling will not be disturbed. *De La Paz*, 279 S.W.3d at 344 (citing *Sewell v. State*, 629 S.W.2d 42, 45 (Tex. Crim. App. 1982) ("When a trial court's ruling on the admission of evidence is correct, although giving a wrong or insufficient reason, this Court will not reverse if the evidence is admissible for any reason.")).

Even if a trial court errs by improperly admitting evidence, reversal is warranted only if the appellant demonstrates that the erroneous admission of this evidence affected his substantial rights. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

8

We review the record as a whole to determine whether the error had a substantial influence on the jury's verdict. *Mosley v. State*, 983 S.W.2d 249, 260 (Tex. Crim. App. 1998).

"'It is well established that the improper admission of evidence does not constitute reversible error if the same facts are shown by other evidence which is not challenged.'" *Leday v. State*, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998) (quoting *Crocker v. State*, 573 S.W.2d 190, 201 (Tex. Crim. App. 1978)). Thus, the improper admission of evidence is harmless if the same or similar evidence is admitted without objection at another point in the trial. *See id.*

## B. Analysis

Three of Buchanan's evidentiary challenges relate to evidence that there was synthetic marijuana in his house. We conclude that even if it was error to admit this evidence, the error would not warrant reversal.

Buchanan did not object when M.K. testified that Buchanan had synthetic marijuana in his house and that they smoked it together. Buchanan did object when the State later offered a photograph of the synthetic marijuana found in Buchanan's house, two officers' testimony about finding synthetic marijuana in Buchanan's home, and a video in which Buchanan admits smoking synthetic marijuana. We conclude that the import of the challenged evidence was that it showed that Buchanan smoked synthetic marijuana. Because M.K.'s earlier

9

unobjected-to testimony that she and Buchanan smoked synthetic marijuana together at his home was sufficiently similar to the challenged evidence, any error in admitting the challenged evidence was harmless. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (en banc) (improper admission of evidence does not constitute reversible error and is properly deemed harmless if same or similar facts are proved by other properly admitted evidence); *Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Crim. App. 1986) (en banc) (same).

Buchanan also complains the trial court admitted the portion of his recorded statement in which he mentioned working with the DEA. He contends that it improperly left the jury with the impression that he was involved in narcotics activity. To the extent that the trial court's admission of this statement created such an impression with the jury, we conclude it too was harmless in light of M.K.'s unobjected-to testimony that she and Buchanan smoked synthetic marijuana together. *See Brooks*, 990 S.W.2d at 287.

**Punishment Phase Video**

During the punishment phase of trial, evidence may be offered of any matter the court deems relevant to sentencing, including the prior criminal record of the defendant and any extraneous crime or bad act regardless of whether he has previously been charged with or finally convicted of the crime or act, notwithstanding Rules 404 and 405 of the Texas Rules of Evidence. *See* TEX.

10

CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (West Supp. 2014); *see also Erazo v. State*, 144 S.W.3d 487, 491 (Tex. Crim. App. 2004). "[R]elevance during the punishment phase of a non-capital trial is determined by what is *helpful* to the jury." *Erazo*, 144 S.W.3d at 491 (emphasis in original).

Extraneous offense evidence is offered during the punishment phase to assist the jury in determining punishment. *See Ellison v. State*, 201 S.W.3d 714, 719 (Tex. Crim. App. 2006). But evidence may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403; *see Rogers v. State*, 991 S.W.2d 263, 266–67 (Tex. Crim. App. 1999) (en banc) (even if punishment evidence is otherwise admissible under article 37.07, it may be excludable under Rule 403). We review a trial court's decision to admit punishment evidence under an abuse-of-discretion standard. *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010).

Buchanan argues that the trial court abused its discretion by admitting a video[1] of him having sexual intercourse with A.B. He contends that the video was not relevant and that it was admitted in violation of Rules 403 and 404(b).

---

[1] Buchanan complains about the trial court's admission of Exhibit 26. Exhibit 26 contained a video clip of A.B. and a clip of another unidentified woman. Because the trial court admitted only the video clip of A.B. and Buchanan engaging in sexual intercourse, as Exhibit 26A, we construe Buchanan's argument regarding Exhibit 26 as a challenge to the admission of the video of A.B.

We conclude that the video's admission was not an abuse of discretion. First, the video was relevant in that it informed the jury of Buchanan's character and provided helpful information for the jury to assess an appropriate sentence. *See Erazo*, 144 S.W.3d at 491 (relevance during the punishment phase is determined by what is helpful to the jury). The fact that the video depicts Buchanan having sex with A.B. without her consent and while she was incognizant—circumstances similar to those of the charged offense—makes it relevant because it is probative of Buchanan's character and established a pattern of conduct that may have informed the jury's decision. *See Sanders v. State*, 422 S.W.3d 809, 815 (Tex. App.—Fort Worth 2014, pet. ref'd) (evidence relating to sexual offense with child relevant because helped define appellant's character, showed another example of criminal act, and helped establish pattern of criminal conduct that may have informed jury's decision).

The video was also admissible despite Buchanan's Rule 403 objection. *See Gigliobianco v. State*, 210 S.W.3d 637, 641–42, n.8 (Tex. Crim. App. 2006) (describing 4-factor balancing test). Here, the video was highly probative of Buchanan's character and thus helpful to the jury's task of tailoring an appropriate sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1); *Erazo*, 144 S.W.3d at 491. The fact that the video would likely raise emotional responses in the jury does not in itself demonstrate that it would impress the jury in some

12

irrational way, and Buchanan fails to argue how it may have done so. The time needed to develop the evidence was not significant: the jury viewed the 20-minute video once during the five-day trial. We thus conclude that the video's probative value was not substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403. Accordingly, we hold that the trial court did not abuse its discretion in admitting the video. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (providing for admission of *any* matter trial court deems relevant to sentencing); *Casey v. State*, 215 S.W.3d 870, 884 (Tex. Crim. App. 2007) (no abuse of discretion in admitting photographs of unconscious women having sexual act performed on them in case where complainant was drugged and unconscious during sexual assault).

We overrule Buchanan's second issue.

### Conclusion

We affirm the trial court's judgment.


Rebeca Huddle
Justice


Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

13