PD-0063-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/17/2015 11:39:57 PM
Accepted 2/19/2015 10:40:05 AM
ABEL ACOSTA
CLERK

# TO THE COURT OF CRIMINAL APPEALS OF TEXAS

## PD-0063-15

_____

**RAYMOND BUCHANAN, JR.,**
*Appellant*
v.
**THE STATE OF TEXAS,**
*Appellee*

_____

# PETITION FOR DISCRETIONARY REVIEW

_____

On Petition for Discretionary Review from the Court of Appeals for the First District, Houston, Texas in Cause No. 01-13-00954-CR, Affirming the Conviction in Cause No. 68872 from the 300th District Court of Brazoria County, Texas.

_____

FILED IN
COURT OF CRIMINAL APPEALS

February 19, 2015

ABEL ACOSTA, CLERK

**R. Scott Shearer**
TBA No. 00786464
917 Franklin, Suite 320
Houston, Texas 77002
(713) 254-5629
(713) 224-2889 FAX
*ShearerLegal@Yahoo.com*

**Attorney for Appellant
(on PDR only**)

February 17, 2014

i

## SUBJECT INDEX

**Page**

List of Authorities.................................................................. iv

Names of All Parties.............................................................. v

Statement Regarding Oral Argument........................................... vi

Statement of the Case............................................................ 2

Statement of the Procedural History of the Case........................... 3

Ground for Review Number One................................................ 4

**GROUND FOR REVIEW NUMBER ONE**: The court of appeals erred by applying an incorrect standard of review. The panel erred by misapplying this Court's rule concerning harmless error found in *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Cr. App. 1999) and *Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Cr. App. 1986).

(Op. at 10)

Ground for Review Number Two................................................ 4

**GROUND FOR REVIEW NUMBER TWO:** The court of appeals erred by holding that the admission of a portion of Appellant's recorded statement into evidence was harmless error. The admission of evidence that Appellant smoked synthetic marijuana was too dissimilar an act to prevent harm from the admission of Appellant's discussion with the officers concerning his prior work with the drug enforcement administration. The complained of evidence had a substantial and injurious affect and influence upon the jury's verdict at both the guilt and punishment stages.

(Op. at 10)

ii

Reasons for Review..................................................................................... 4

Statement of facts…………………………………………………….. 5

Argument and Authorities........................................................................ 9

Ground for Review Number Three............................................................ 12

**GROUND FOR REVIEW NUMBER THREE**: The court of appeals plainly erred by holding that a video played for the jury was relevant to sentencing where the video was seized from Appellant's cell phone without a warrant and was inadmissible under the new rule announced in *Riley v. California*.

(Op. at 12)

Argument and Authorities........................................................................ 12

Prayer for Relief...................................................................................... 16

Certificate of Service............................................................................... 17

APPENDIX -        Copy of the opinion rendered by the court of appeals… 18

# LIST OF AUTHORITIES

**Page**

**CASES**

*Anderson v. State*, 717 S.W.2d 622 (Tex. Cr. App. 1986) ................................. 4, 10

*Bowman v. State*, No. 05-13-01741-CR (Tex. App. – Dallas, February 5, 2015, no

pet.) (unpublished) ........................................................................14

*Brooks v. State*, 990 S.W.2d 278 (Tex. Cr. App. 1999) ..................................... 4, 10

*Chung v. State*, No. 10-13-00307-CR (Tex. App. – Waco, October 23, 2014, no

pet.)........................................................................................15

*Griffith v. Kentucky*, 479 U.S. 314 (1987) .................................................14

*Riley v. California,* - - - U.S.=- - -, 134 S.Ct. 2473, 189 L.Ed.2d 430, 2014 WL

2864483 (2014) ..................................................................... 12, 13

*Shea v. Louisiana,* 470 U. S. 51, 59 (1985) ...............................................14

*State v. Granville*, 423 S.W.3d 399 (Tex. Cr. App. 2014) ................................. 12, 13

*Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)...............14

**RULES**

TEX. R. APP. PROC. 38.1(a)...................................................................v

# NAMES OF ALL PARTIES

In accordance with TEX. R. APP. PROC. 38.1(a), Appellant submits that the following are interested parties:

**R. Scott Shearer -**         Attorney for Appellant (on PDR only).

917 Franklin, Suite 320
Houston, TX 77002

**D. Craig Hughes -**         Attorney for Appellant (Trial & Appeal)

D. Craig Hughes
7322 Southwest Freeway, Suite 1100
Houston, Texas 77074

**Raymond Buchanan -**         Appellant.

TDCJ #01893716
H.H. Coffield Unit
2661 FM 2054
Tennessee Colony, TX 75884

**Jeri Yenne -**         Trial counsel for the State of Texas.
**Jessica Pulcher**
**Leslie Sharp**
**Trey D. Picard -**         Appellate counsel for the State of Texas.

111 East Locust St., Suite 408A
Angleton, Texas 77515

**Hon. K. Randall Hufstetler -**  Presiding judge of the Trial Court.

300ᵗʰ District Court
111 E. Locust, Room 401
Angleton, TX 77515

# STATEMENT REGARDING ORAL ARGUMENT

v

Appellant believes oral argument will be helpful. Appellant requests oral argument.

# TO THE COURT OF CRIMINAL APPEALS OF TEXAS

## PD-0063-15

---

**RAYMOND BUCHANAN, JR.,**
*Appellant*
v.
**THE STATE OF TEXAS,**
*Appellee*

---

## PETITION FOR DISCRETIONARY REVIEW

---

On Petition for Discretionary Review from the Court of Appeals for the First District, Houston, Texas in Cause No. 01-13-00954-CR, Affirming the Conviction in Cause No. 68872 from the 300th District Court of Brazoria County, Texas.

---

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

**APPELLANT, RAYMOND BUCHANAN, JR.**, by and through his counsel on appeal, files this Petition for Discretionary Review. In support of his request for review, Appellant would respectfully show the Court the following:

1

## STATEMENT OF THE CASE

Appellant was charged in a five (5) count indictment alleging sexual assault, sexual assault of a child, sexual performance by a child, and with possession of child pornography. Appellant pleaded not guilty and a jury trial ensued on October 15, 2013. Appellant was tried on three of the five counts of the indictment after the trial court granted Appellant's motion for severance. (RR II at 4-7). The jury returned a guilty verdict on the offense of sexual assault of a child as charged in Count II of the Indictment. See CR at 61. The jury found Appellant not guilty of the remaining counts. (CR at 61, 64, 66). The jury assessed punishment at thirty-five (35) years imprisonment in the Texas Department of Criminal Justice–Institutional Division and assessed a fine in the amount of $10,000.00. (CR at 73). Appellant gave timely notice of appeal. (CR at 67).

_____

\*     The record on petition for discretionary review
      is cited as follows:

CR at *p*     ..........Clerk's record at page *p*.

RR *V* at *p*     ..........Reporter's record volume *V* at page *p*.

Op. at *p*     ..........Opinion at page *p*.

# STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

In an UNPUBLISHED opinion delivered December 16, 2014, a panel of the First Court of Appeals AFFIRMED Appellant's conviction for sexual assault of a child. The Appellant did not file a motion for rehearing. The Appellant's Petition for Discretionary Review was due on January 15, 2015. Appellant filed a Motion for Extension of Time to File Petition for Discretionary Review, which was granted. Appellant's Petition for Discretionary Review was due February 16, 2015. Because February 16 was a state holiday, Appellant's Petition for Discretionary Review is due February 17, 2015.

# GROUNDS FOR REVIEW

**GROUND FOR REVIEW NUMBER ONE**: The court of appeals erred by applying an incorrect standard of review. The panel erred by misapplying this Court's rule concerning harmless error found in *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Cr. App. 1999) and *Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Cr. App. 1986).

(Op. at 10)

**GROUND FOR REVIEW NUMBER TWO:** The court of appeals erred by holding that the admission of a portion of Appellant's recorded statement into evidence was harmless error. The admission of evidence that Appellant smoked synthetic marijuana was too dissimilar an act to prevent harm from the admission of Appellant's discussion with the officers concerning his prior work with the drug enforcement administration. The complained of evidence had a substantial and injurious affect and influence upon the jury's verdict at both the guilt and punishment stages.

(Op. at 10)

**Reasons for Review:**

1.     The panel decision of the First Court of Appeals requires review because the court decided an important question of state law that that is in conflict with the applicable decisions of this Court on the same matter. The decision of the First Court of Appeals is in conflict with this Court's holdings in *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Cr. App. 1999) and *Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Cr. App. 1986).

2.     The panel decision of the Court of Appeals requires review because the court of appeals has decided an important question of state law, which has not been, but should be settled by this Court.

4

**Statement of facts:**

On October 4, 2011, at approximately 5:30 a.m. to 6:00 a.m., Pearland Police officer Harry Hunt had just finished his shift and was headed home. (RR V at 19). As he neared his residence, he noticed a young girl walking in circles who was crying and appeared to be in some distress. (RR V at 19). She first identified herself as being Tyeishia Anderson, and who gave a date of birth of April 20, 1993, which would have made her approximately eighteen (18) and a half years old at that time. (RR V at 25-26). When asked by Hunt what was wrong, she responded to him with something along the lines indicating that she had been the victim of a sexual assault. (RR V at 21-23). It was difficult for Officer Hunt to determine exactly what had happened due to the fact that Ms. Anderson was very upset. (RR V at 20). Believing that an investigation was necessary, Hunt called for an officer who was on duty to respond to the scene. (RR V at 20). After the second officer arrived, Ms. Anderson took him to a townhouse development in an unincorporated section of Pearland where she claimed the sexual assault occurred. (RR V at 21-22). It was later determined that Mr. Buchanan rented a townhome in that development. (RR V at 147). Later that morning, Detective Jeff Dandeneau, an investigator with the Brazoria County Sheriff's Office, spoke with Ms. Anderson. (RR V at 104-105). She was again identified as Tyeishia Anderson.

Ms. Anderson told him that she had been at a smoke shop in Houston where she met an older male. (RR V at 29-30). She left with the man in his vehicle thinking they were going to go somewhere in Houston and watch the Super Bowl or some other football game. (RR V at 30). She stated that she became a little nervous as they were driving because it was taking longer than she expected. (RR V at 33). When she asked the male where he lived, he told her his residence was in Pearland. She voluntarily continued with him to his residence. (RR V at 33-34). Ms. Anderson stated that they smoked some fake marijuana. (RR V at 36-37). After that, she stated that she could not remember what happened until she woke up the next morning. (RR V at 42-43). She claimed that the male told her "you have something good inside of you", and that a piece of a condom came out of her vagina after she urinated. (RR V at 44-45).

Detective Dandeneau then made arrangements to have a Sexual Assault Nurse Exam ("SANE") of Ms. Anderson done at Memorial Southeast Hospital in Houston. (RR V at 105). On the drive to the hospital, Dandeneau questioned Ms. Anderson about whether she had been prostituting. She denied that she had been. As they were waiting for the SANE nurse to arrive, Ms. Anderson was asked to give a written statement about what had happened. She then gave two written statements and once again identified herself as being Tyeishia Anderson, with a date of birth of April 20, 1993. After the SANE exam was completed, Ms.

Anderson was driven back to her home in southwest Houston. (RR V at 9). Semen collected from M.K. during the SANE exam ultimately matched a DNA sample taken from the Appellant under a search warrant. (RR V at 94-95)(RR VI at 56).

While the SANE exam was taking place, law enforcement officers secured a search warrant for Appellant's residence at the townhouse development identified by Ms. Anderson. (RR V at 80, 107-108). Upon arriving at the residence, they called Appellant on his cell phone. Reaching his voice mail, the officers then knocked on his door. (RR V at 108). After failing to reach Appellant on his cell phone or getting an answer at the front door, officers made forced entry into the residence. In the bedroom, they allegedly found fake marijuana and condoms. (RR V at 112-113). As they were finishing their search, the officers walked into the closet upstairs, and found Appellant Buchanan hiding in a closet. His cell phone was beside the bed. (RR V at 112). He was immediately arrested. (RR V at 114).

Several days after the search of Appellant's residence, Detective Dandeneau went back to the residence in southwest Houston where he had previously dropped off Ms. Anderson. (RR V at 118). She was not there, but another male and female were present and they informed Dandeneau that her name was not Tyeishia Anderson. (RR V at 121-122). They gave Dandeneau information about how to

7

get in touch with her. (RR V at 121-122, 155-156). They also informed Dandeneau that they didn't think she was over eighteen (18) years of age and that they thought she was prostituting herself. (RR V at 121-122, 155-156). The detective then made contact with Ms. Anderson and was told by her that she had not provided her real name. She told Dandeneau that her real name was "M.K." and that her date of birth was actually August 11, 1995, making her sixteen (16) years old at the time. (RR V at 124). "M.K." identified the Appellant from a photo spread. (RR V at 130). She also confirmed that she was a runaway from the Katy area. (RR V at 157). When Dandeneau confronted her with his suspicion that she was a prostitute, "M.K." denied it. (RR V at 143). "M.K" told him that she went to the smoke shop and tried to buy cigarettes. Because she was not old enough, the store clerk refused to sell them to her. She also stated that she needed to earn money, and that is when Appellant allegedly approached her. (RR V at 49-50). She offered sex to him for money, but he refused. Because she didn't have anything to do, she decided to go with him, even though he wasn't going to pay her for sex. (RR V at 63-64).

At trial, the State's case rested primarily on the testimony of "M.K.". She testified to the alleged facts of the case, including her age at the time of the offense. More specifically, she testified that she was born in Accra, Ghana, on August 11, 1995. Over objection from defense counsel, she repeatedly testified to hearsay

8

evidence, particularly her date of birth. There was no corroborating evidence admitted to substantiate her testimony concerning her date of birth, such as a birth certificate, or testimony from her mother or some other individual who was present at her birth or had personal knowledge concerning same. All other testimony from the officers who participated in the investigation concerning "M.K.'s" date of birth was based solely on hearsay evidence from her. "M.K." was unable to identify the Appellant in court during her testimony. (RR V at 30).

During the punishment phase, the court admitted into evidence an unrelated video found on Appellant's phone which showed him having sexual intercourse with an adult female. (RR VIII at 16)(State's Exhibit 26A).

**Argument and Authorities:**

In its opinion of December 16, 2015, Appellant submits the panel fell into error when it held that a portion of Appellant's recorded statements to officers concerning his work with the drug enforcement administration was harmless error. (Op. at 10).

In his recorded statement to the police, Appellant detailed his work for the drug enforcement administration. (Op. at 10). Appellant objected to the admission of this portion of the recorded statement but his objection was overruled. (RR V at

190-191).  Appellant urged this point on Appeal.  The court of appeals held as follows:

> Buchanan also complains the trial court admitted the portion of his recorded statement in which he mentioned working with the DEA. He contends that it improperly left the jury with the impression that he was involved in narcotics activity. To the extent that the trial court's admission of this statement created such an impression with the jury, we conclude it too was harmless in light of M.K.'s unobjected-to testimony that she and Buchanan smoked synthetic marijuana together.

(Op. at 10).

The Court of Appeals cites this Court's decisions in *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Cr. App. 1999) and *Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Cr. App. 1986) for the proposition that the admission of evidence sufficiently similar to the challenged evidence makes any error in admitting the challenged evidence harmless.  *Brooks* and *Anderson* do say as much.  The improper admission of one piece of evidence is deemed harmless error when another same or similar piece of evidence comes in properly or without objection.  See *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Cr. App. 1999) ("any error in admitting the evidence was harmless in light of other properly admitted evidence proving the same fact.") and *Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Cr. App. 1986) ("If

1

the fact to which the hearsay relates is sufficiently proved by other competent and unobjected to evidence . . . admission of the hearsay is properly deemed harmless and does not constitute reversible error.").

In the present case, however, the court of appeals attempts to equate the smoking of synthetic marijuana with major drug dealing. The two acts are completely dissimilar. One involves the smoking of a legal[1] substance for personal use, the other concerns federal drug dealing, usually in large quantities of what most people would consider to be hard core drugs. These acts are simply not the same. While the rule of *Brooks* and *Anderson* justify a finding of harmless error when comparing the admission of apples to apples, the rule does not support a finding of harmless error when comparing the admission of apples to oranges.

This evidence had a substantial and injurious affect and influence upon the jury's verdict at both the guilt and punishment stages. Appellant was unfairly convicted based upon character conformity rather than the facts of the case. The State's case was weak, as it involved an admitted prostitute who gave conflicting statements to the police about her age. Moreover, Appellant was found not guilty on the other two counts. Under these circumstances, the admission of this evidence was harmful and the court of appeals erred by finding otherwise.

**GROUND FOR REVIEW NUMBER THREE**: The court of appeals plainly erred by holding that a video played for the jury was relevant to sentencing where the video was seized from Appellant's cell phone without a warrant and was inadmissible under the new rule announced in *Riley v. California*.

(Op. at 12)

**Reasons for Review:**

1.     The panel decision of the First Court of Appeals requires review because the court decided an important question of state law that that is in conflict with the applicable decisions of the United States Supreme Court on the same matter.  The decision of the First Court of Appeals is in conflict with the court's holding in *Riley v. California,* U.S., 134 S.Ct. 2473, 189 L.Ed.2d 430, 2014 WL 2864483 (2014).

2.     The panel decision of the First Court of Appeals requires review because the court decided an important question of state law that that is in conflict with the applicable decisions of this Court on the same matter.  The decision of the First Court of Appeals is in conflict with this Court's holding in *State v. Granville*, 423 S.W.3d 399, 417 (Tex. Cr. App. 2014).

3.     The panel decision of the Court of Appeals requires review because the court of appeals has decided an important question of state law, which has not been, but should be settled by this Court.

**Argument and Authorities:**

---

[1] At the time of the offense synthetic marijuana was most likely legal as it had yet

1

The most damaging and prejudicial evidence that was admitted during the punishment phase was State's Exhibit 26. (RR VIII at 16). This evidence was a video downloaded from Appellant's cell phone which depicted him having sexual intercourse with another adult woman.[2]

While this appeal was pending, the United States Supreme Court decided *Riley v. California*, - - - U.S. - - -, 134 S.Ct. 2473, 189 L.Ed.2d 430, 2014 WL 2864483 (2014). In *Riley*, the Court held that the police must obtain a warrant before searching the contents of a cell phone seized incident to an arrest. 134 S.Ct. 2473, 189 L.Ed.2d 430, Id. WL at *20; *cf. State v. Granville*, 423 S.W.3d 399, 417 (Tex. Cr. App. 2014) (holding "a citizen does not lose his reasonable expectation of privacy in the contents of his cell phone merely because that cell phone is being stored in a jail property room."). The Supreme Court concluded that the search of the cell phones did not fit within the parameters of the "search incident to arrest" and it held that a "warrant is generally required before such a search, even when a cell phone is seized incident to arrest.' *Id*. at 2493.

---

to be proscribed by statute.

[2] Appellant filed a motion to suppress evidence (CR at 8) and a motion to suppress his oral statements. (CR at 11). Appellant's motion to suppress oral statements was granted in part and denied in part. (CR at 84) (RR V at 193-195). There is nothing in the record showing whether his motion to suppress evidence was ever ruled upon.

The *Riley* court announced a new rule for criminal prosecutions. *Bowman v. State*, No. 05-13-01741-CR (Tex. App. – Dallas, February 5, 2015, no pet.) (unpublished) ("Bowman's convictions are not final, therefore *Riley* applies retroactively.").

A new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final. In *Griffith v. Kentucky*, 479 U.S. 314 (1987) the Supreme Court held that the failure to apply a newly declared constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication. *Griffith*, 479 U.S. at 322. The "integrity of judicial review" requires the application of the new rule to 'all similar cases pending on direct review." *Griffith*, 479 U.S. at 323. A new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break' with the past. *Griffith*, 479 U.S. at 328.

In *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). the Court established the terms under which its decisions in criminal cases will apply retroactively. Generally, a new constitutional rule of criminal procedure will apply to cases still pending on direct review but not to cases that have become final before the new rules are announced. This analysis has been applied in the Fourth

Amendment context. See *Shea v. Louisiana,* 470 U. S. 51, 59 (1985) (the Fifth Amendment rule announced in *Edwards v. Arizona,* 451 U. S. 477 (1981), which prohibited the use, after a suspect had requested counsel, of a confession obtained by police-instigated interrogation without the suspect's attorney's being present, was retroactive to cases on direct review when *Edwards* was decided. Court held that there was nothing about a Fourth Amendment rule that suggested it should be given greater retroactive effect than a Fifth Amendment rule).

The United States Supreme Court decided *Riley* while Appellant's appeal was pending. Thus, the court of appeals plainly erred by holding that the cell phone video was relevant to Appellant's sentencing. The case should have been reversed to allow Appellant to invoke the new rule announced by *Riley*. The illegally seized cell phone video had an enormous impact upon Appellant's sentence. It cannot be said beyond a reasonable doubt that the admission of this improperly seized evidence did not contribute to Appellant's punishment. See *Chung v. State*, No. 10-13-00307-CR (Tex. App. – Waco, October 23, 2014, no pet.).

1

**PRAYER FOR RELIEF**

FOR THESE REASONS, Appellant respectfully asks this Court to grant review of the decision of the court of appeals. Appellant further prays that this Court will reverse the judgment of the court of appeals.

Respectfully submitted,

By:   /s/ R. SCOTT SHEARER
      **R. Scott Shearer**
      TBA No. 00786464
      917 Franklin, Suite 320
      Houston, Texas 77002
      (713) 254-5629
      (713) 224-2889 FAX
      *ShearerLegal@Yahoo.com*

      **Attorney for Appellant**
      **(on PDR only)**

      February 17, 2015

1

# CERTIFICATE OF SERVICE

I certify that a copy of this Petition for Discretionary Review has been served upon the State of Texas by e-mailing a copy of same to the following parties at their respective addresses on this the 17th day of February, 2015:


TREY D. PICARD, A.D.A.
111 EAST LOCUST ST., SUITE 408A
ANGLETON, TEXAS 77515
*TREYP@BRAZORIA-COUNTY.COM*

LISA C. MCMINN
STATE PROSECUTING ATTORNEY
209 W. 14TH STREET
AUSTIN, TEXAS 78701


/s/ R. SCOTT SHEARER
**R. Scott Shearer**

**CERTIFICATE OF COMPLIANCE WITH RULE 9.4(i)(3)**

Certificate of Compliance with Type-Volume Limitations
and Typeface Requirements.

1.  This Petition for Discretionary Review complies with the type-volume limitation of TEX. R. APP. PROC. 9.4(i)(2)(D) and (3) because:

    This Petition for Discretionary Review contains **2,861** words, excluding the parts of the Petition for Discretionary Review exempted by TEX. R. APP. PROC. 9.4(i)(1).

2.  This Petition for Discretionary Review complies with the typeface requirements of TEX. R. APP. PROC. 9.4(e) because:

    this Petition for Discretionary Review has been prepared in a conventional proportionally spaced typeface using Microsoft WORD 97 version 7.0 in Times New Roman 14 point type.

                                        /s/R. SCOTT SHEARER
                                      **R. Scott Shearer**

1

APPENDIX



**In The**

# Court of Appeals

**For The**

# First District of Texas

---

## NO. 01-13-00954-CR

---

**RAYMOND BUCHANAN, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 68872**

## MEMORANDUM OPINION

A jury found Appellant Raymond Buchanan, Jr. guilty of sexual assault of a child and sentenced him to 35 years' confinement. In two issues, Buchanan contends that (1) there was insufficient evidence to prove that the complainant M.K. was under the age of 17 at the time of the offense and (2) the trial court

abused its discretion in admitting extraneous-offense evidence. We affirm.

## Background

M.K. testified that as she left a smoke shop in Houston, a man, later identified as Buchanan, asked if she wanted to go to his house to watch football. M.K. agreed and testified that once they arrived, they smoked synthetic marijuana and watched football.

M.K. testified that after smoking the synthetic marijuana, she was unable to control herself and needed help walking up the stairs. She fell asleep in the upstairs game room, and the next thing that she remembered was waking up in Buchanan's bed the next morning with her underwear missing. M.K. testified that Buchanan told her that he had sexual intercourse with her and that there was a "surprise inside of her." When she went to the restroom she found a condom inside her vagina. M.K. asked Buchanan to take her home, and after he dropped her off at a gas station, she flagged down Sergeant H. Hunt of the Pearland Police Department.

M.K. initially gave police a fake name and birthdate because she was a runaway and "scared." But she later admitted that she was under the age of 17 and that she was actually born on August 11, 1995. The trial court admitted M.K.'s Texas Identification Card, which corroborated this.

2

Sergeant J. Dandeneau of the Brazoria County Sheriff's Office also testified. A week after the assault, M.K. told him that her actual date of birth was August 11, 1995, and that she was 16 years old at the time of the assault. Dandeneau testified that, during his investigation, he discovered sexually explicit photographs of M.K. on Buchanan's cell phone. M.K. told Dandeneau that she did not consent to Buchanan photographing her, and M.K. also testified that she did not consent to the photographs.

Dandeneau also found several plastic bags of synthetic marijuana, or "Kush," in Buchanan's home. Deputy J. Gentry of the Brazoria County Sheriff's Department ID Division testified that he took photographs of several bags of Kush found in Buchanan's house.

Tammy Bires, a forensic scientist in the DNA Section of the Department of Public Safety, also testified. Bires told the jury that Buchanan's DNA sample matched the semen taken from M.K.'s body.

The trial court admitted a video recording of Buchanan's oral statements during his custodial interrogation in which Buchanan discussed working with the Drug Enforcement Agency and using synthetic marijuana.

During the punishment phase of the trial, the trial court admitted State's Exhibit 26A, a sexually explicit video lasting approximately 20 minutes. The video showed Buchanan engaging in sexual intercourse with an adult woman, A.B.

A.B. testified in the punishment phase. She told the jury that State's Exhibit 26A depicts her repeatedly telling Buchanan to stop having intercourse with her. A.B. had no recollection of the incident and testified that she was incoherent during the video. She testified that she had consumed a large quantity of alcohol and that she did not consent to having sex with Buchanan or to having him record it. She testified that towards the end of the recording she began "waking up and realizing what's going on." A.B. asked Buchanan to stop more than ten times, and he did not.

## Sufficiency of the Evidence

### A. Standard of Review

We review evidentiary sufficiency challenges under the *Jackson v. Virginia* standard. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) ("[T]he *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove, beyond a reasonable doubt.") (referring to *Jackson v. Virginia,* 443 U.S. 307, 99 S. Ct. 2781 (1979)). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson,* 443 U.S. at

4

319, 99 S. Ct. at 2789; *In re Winship,* 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State,* 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this is the function of the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We therefore resolve any inconsistencies in the evidence in favor of the verdict, *Matson v. State*, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991) (en banc), and "defer to the jury's credibility and weight determinations." *Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).

**B. Applicable Law**

"A person commits [sexual assault of a child] if the person intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means." TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (West 2011). For purposes of section 22.011, a child is "a person younger than 17 years of age." *Id.* § 22.011(c)(1).

**C. Analysis**

Buchanan challenges the sufficiency of the evidence to prove that M.K. was under the age of 17 at the time of the assault. According to Buchanan, "the only evidence admitted to prove the age of [M.K.] was her uncorroborated hearsay

5

testimony concerning her date of birth, along with the hearsay testimony of law enforcement officers which was based solely on hearsay statements made by [M.K.].”

“[T]he testimony of the complainant as to her age and birth date [is] sufficient to prove that she was under the age of seventeen at the time of the offense.” *Perez-Del Rio v. State*, No. 14-04-00963-CR, 2006 WL 561887, at *3 (Tex. App.—Houston [14th Dist.] Mar. 2, 2006, pet. ref’d) (mem. op., not designated for publication). Thus, M.K.’s testimony that she was 16 at the time of the offense was sufficient to prove that she was under 17 at the time. *See id.*; *see generally Jason v. State*, 589 S.W.2d 447, 449 (Tex. Crim. App. 1979) (same); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2014) (providing that testimony of child under 17 alone is sufficient to convict defendant of sexual assault of a child). Buchanan challenges M.K.’s testimony about her birthdate as hearsay because, according to him, it was not based on her personal knowledge, but instead on what she learned from hearsay statements or looking at hearsay documents. Whether M.K.’s testimony was hearsay does not change our analysis because we consider both properly and improperly admitted evidence in a sufficiency challenge. *See Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013) (reviewing court considers all admitted evidence, regardless of whether

6

properly or improperly admitted, when reviewing sufficiency of evidence); *Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006) (same).

Second, Buchanan contends that the evidence is insufficient because M.K. was not credible. In support, Buchanan correctly points out that M.K. initially lied to the police about her name and age. But the credibility of M.K.'s testimony was a factor for the jury to consider in weighing the evidence, and we defer to the jury's resolution of the conflicting evidence. *See Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008) (we afford almost complete deference to jury's determinations of credibility); *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000) (appellate courts resolve any inconsistencies in the evidence in favor of the verdict).

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found that Buchanan intentionally or knowingly penetrated M.K.'s sexual organ by Buchanan's sexual organ, that M.K. was under 17, and that M.K. was not Buchanan's spouse. Accordingly, we hold that the evidence was legally sufficient to support the judgment.

We overrule Buchanan's first issue.

**Evidentiary Rulings in Guilt-Innocence Phase**

Buchanan contends that the trial court abused its discretion by admitting four pieces of evidence: (1) a photograph of a bag of synthetic marijuana, (2) officers'

testimony that they found synthetic marijuana in Buchanan's home, (3) Buchanan's admission during a police interrogation that he used synthetic marijuana, and (4) Buchanan's statement during an interrogation that he worked with the DEA.

## A. Standard of Review and Applicable Law

We review a trial court's ruling on admissibility under an abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). We will not reverse a trial court's ruling on evidentiary matters unless the decision was outside the zone of reasonable disagreement. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). If the trial court's ruling can be justified on any theory of law applicable to that ruling, the ruling will not be disturbed. *De La Paz*, 279 S.W.3d at 344 (citing *Sewell v. State*, 629 S.W.2d 42, 45 (Tex. Crim. App. 1982) ("When a trial court's ruling on the admission of evidence is correct, although giving a wrong or insufficient reason, this Court will not reverse if the evidence is admissible for any reason.")).

Even if a trial court errs by improperly admitting evidence, reversal is warranted only if the appellant demonstrates that the erroneous admission of this evidence affected his substantial rights. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

8

We review the record as a whole to determine whether the error had a substantial influence on the jury's verdict. *Mosley v. State*, 983 S.W.2d 249, 260 (Tex. Crim. App. 1998).

"'It is well established that the improper admission of evidence does not constitute reversible error if the same facts are shown by other evidence which is not challenged.'" *Leday v. State*, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998) (quoting *Crocker v. State*, 573 S.W.2d 190, 201 (Tex. Crim. App. 1978)). Thus, the improper admission of evidence is harmless if the same or similar evidence is admitted without objection at another point in the trial. *See id.*

## B.    Analysis

Three of Buchanan's evidentiary challenges relate to evidence that there was synthetic marijuana in his house. We conclude that even if it was error to admit this evidence, the error would not warrant reversal.

Buchanan did not object when M.K. testified that Buchanan had synthetic marijuana in his house and that they smoked it together. Buchanan did object when the State later offered a photograph of the synthetic marijuana found in Buchanan's house, two officers' testimony about finding synthetic marijuana in Buchanan's home, and a video in which Buchanan admits smoking synthetic marijuana. We conclude that the import of the challenged evidence was that it showed that Buchanan smoked synthetic marijuana. Because M.K.'s earlier

9

unobjected-to testimony that she and Buchanan smoked synthetic marijuana together at his home was sufficiently similar to the challenged evidence, any error in admitting the challenged evidence was harmless. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (en banc) (improper admission of evidence does not constitute reversible error and is properly deemed harmless if same or similar facts are proved by other properly admitted evidence); *Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Crim. App. 1986) (en banc) (same).

Buchanan also complains the trial court admitted the portion of his recorded statement in which he mentioned working with the DEA. He contends that it improperly left the jury with the impression that he was involved in narcotics activity. To the extent that the trial court's admission of this statement created such an impression with the jury, we conclude it too was harmless in light of M.K.'s unobjected-to testimony that she and Buchanan smoked synthetic marijuana together. *See Brooks*, 990 S.W.2d at 287.

**Punishment Phase Video**

During the punishment phase of trial, evidence may be offered of any matter the court deems relevant to sentencing, including the prior criminal record of the defendant and any extraneous crime or bad act regardless of whether he has previously been charged with or finally convicted of the crime or act, notwithstanding Rules 404 and 405 of the Texas Rules of Evidence. *See* TEX.

10

CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (West Supp. 2014); *see also Erazo v. State*, 144 S.W.3d 487, 491 (Tex. Crim. App. 2004). "[R]elevance during the punishment phase of a non-capital trial is determined by what is *helpful* to the jury." *Erazo*, 144 S.W.3d at 491 (emphasis in original).

Extraneous offense evidence is offered during the punishment phase to assist the jury in determining punishment. *See Ellison v. State*, 201 S.W.3d 714, 719 (Tex. Crim. App. 2006). But evidence may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403; *see Rogers v. State*, 991 S.W.2d 263, 266–67 (Tex. Crim. App. 1999) (en banc) (even if punishment evidence is otherwise admissible under article 37.07, it may be excludable under Rule 403). We review a trial court's decision to admit punishment evidence under an abuse-of-discretion standard. *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010).

Buchanan argues that the trial court abused its discretion by admitting a video[1] of him having sexual intercourse with A.B. He contends that the video was not relevant and that it was admitted in violation of Rules 403 and 404(b).

---

[1] Buchanan complains about the trial court's admission of Exhibit 26. Exhibit 26 contained a video clip of A.B. and a clip of another unidentified woman. Because the trial court admitted only the video clip of A.B. and Buchanan engaging in sexual intercourse, as Exhibit 26A, we construe Buchanan's argument regarding Exhibit 26 as a challenge to the admission of the video of A.B.

We conclude that the video's admission was not an abuse of discretion. First, the video was relevant in that it informed the jury of Buchanan's character and provided helpful information for the jury to assess an appropriate sentence. *See Erazo*, 144 S.W.3d at 491 (relevance during the punishment phase is determined by what is helpful to the jury). The fact that the video depicts Buchanan having sex with A.B. without her consent and while she was incognizant—circumstances similar to those of the charged offense—makes it relevant because it is probative of Buchanan's character and established a pattern of conduct that may have informed the jury's decision. *See Sanders v. State*, 422 S.W.3d 809, 815 (Tex. App.—Fort Worth 2014, pet. ref'd) (evidence relating to sexual offense with child relevant because helped define appellant's character, showed another example of criminal act, and helped establish pattern of criminal conduct that may have informed jury's decision).

The video was also admissible despite Buchanan's Rule 403 objection. *See Gigliobianco v. State*, 210 S.W.3d 637, 641–42, n.8 (Tex. Crim. App. 2006) (describing 4-factor balancing test). Here, the video was highly probative of Buchanan's character and thus helpful to the jury's task of tailoring an appropriate sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1); *Erazo*, 144 S.W.3d at 491. The fact that the video would likely raise emotional responses in the jury does not in itself demonstrate that it would impress the jury in some

12

irrational way, and Buchanan fails to argue how it may have done so. The time needed to develop the evidence was not significant: the jury viewed the 20-minute video once during the five-day trial. We thus conclude that the video's probative value was not substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403. Accordingly, we hold that the trial court did not abuse its discretion in admitting the video. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (providing for admission of *any* matter trial court deems relevant to sentencing); *Casey v. State*, 215 S.W.3d 870, 884 (Tex. Crim. App. 2007) (no abuse of discretion in admitting photographs of unconscious women having sexual act performed on them in case where complainant was drugged and unconscious during sexual assault).

We overrule Buchanan's second issue.

## Conclusion

We affirm the trial court's judgment.


Rebeca Huddle
Justice


Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).